José Aguedo Boscana, peticionario y apelante, *v.* Guillermo Vivas Valdivieso, Alcalde de Ponce, querellado y apelado.

No. 4746.—*Sometido:* Enero 29, 1929. *Resuelto:* Mayo 31, 1929.

*Leopoldo Tormes,* abogado del apelante; *F. B. Fornaris,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

José Águedo Boscana solicitó de la Corte de Distrito de Ponce un auto de *certiorari* contra el alcalde de dicha ciudad, Guillermo Vivas Valdivieso. Por lo menos este último es mencionado como demandado en la petición. El objeto del auto era impedir que se efectuara una subasta pública, la que iba a llevarse a cabo en la oficina del alcalde por virtud de una resolución (*sic*) de dicho alcalde ordenando *una subasta pública para la construcción* de un malecón de con-

ereto armado. Cuando la petición fué presentada a la Corte de Distrito de Ponce, ésta se negó a expedir el auto. Por consiguiente, el Alcalde de Ponce nunca compareció ni se defendió en el litigio. El allí peticionario apeló de la orden de la corte rehusando expedir el auto. La apelación fué notificada al alcalde. El abogado que se suponía representar al alcalde, certificó la corrección de la transcripción de autos. Ninguna de las partes compareció durante la vista del caso y el alcalde, como supuesto apelado, no ha radicado alegato alguno.

Al principio estuvimos algo inclinados a creer que el letrado del alcalde tenía el deber de comparecer y defenderse en este litigio, pero hemos resuelto finalmente que tal deber, de existir, no era imperioso.

En primer lugar dudamos que esta corte tenga jurisdicción, ya que no hubo controversia alguna en la corte inferior. El alcalde nunca fué parte en el litigio y una apelación presupone una controversia entre dos partes. El medio adecuado posible hubiese sido solicitar de esta corte la expedición de un auto *qua mandamus,* obligando a la corte de distrito a conocer del caso. Es cierto que a una persona no debe obligársele a defenderse en una corte de apelaciones cuando ella nunca ha estado en la corte inferior. Tenemos idea de que la negativa a expedir autos de *certiorari,* al igual que la negativa a expedir autos de *habeas corpus,* no es revisable.

De todos modos, el apelante no nos ha dejado satisfechos de que la corte debió haber librado el auto de *certiorari,* ya fuere clásico o de cualquiera otra clase. En este caso no se trataba directamente de impugnar, por virtud del artículo 65 de la Ley Municipal, las actuaciones de la asamblea municipal.

Bajo estas circunstancias, aunque podríamos confirmar la sentencia, *hemos resuelto desestimar la apelación.*