THE NATIONAL CITY BANK OF NEW YORK, peticionario, *v.* LA CORTE DE DISTRITO DE HUMACAO, HON. T. TORRES PÉREZ, JUEZ ACCIDENTAL, demandada.

No. 925.—*Resuelto:* Diciembre 7, 1933.

*E. T. Fiddler, José G. González* y *J. L. Córdova,* abogados del peticionario.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se trata de una segunda moción de reconsideración. Amparándose en un procedimiento sumario hipotecario en que un predio de terreno, o varios predios de terreno, fueron adjudicados al peticionario, éste alega tener un derecho preferente sobre una venta hecha por El Pueblo de Puerto Rico para cobrar ciertas contribuciones. El peticionario sostiene que parte de estas contribuciones, aunque afecta a los bienes inmuebles, no constituía un gravamen sobre la propiedad, ya que caía fuera de los tres años inmediatamente anteriores a la venta en ejecución, y, asimismo, que otra parte de esos impuestos no constituía gravamen alguno por ser por concepto de arbitrios.

El peticionario trató de invocar el artículo 71 de la Ley Hipotecaria y de conseguir que la inscripción hecha por el Tesorero de Puerto Rico en el registro de la propiedad fuese cancelada.

Nos inclinamos a convenir con el peticionario en que la decisión de la corte de distrito negándose a aplicar el artículo 71, *supra,* no era apelable. *Boscana* v. *Vivas Valdivieso,* 39 D.P.R. 685; *Lothrop* v. *Casalduc,* 11 D.P.R. 563.

El argumento del peticionario se basa en gran parte en que él, y no El Pueblo de Puerto Rico, tiene la preferencia. Un motivo muy importante para denegar esta solicitud es nuestra idea de que cuestiones de ley substantiva, o municipal en un sentido amplio, deben primeramente ventilarse

876

en una corte inferior y no en la Corte Suprema. Puede admitirse la importancia del caso, pero, en esencia, para las partes interesadas no es mayor que en los casos ordinarios oídos por las cortes de distrito, algunos de ellos pendientes en apelación ante este tribunal. En una u otro forma, el peticionario en este caso debe llevar su acción a la corte de distrito. Las cortes de distrito tienen jurisdicción general sobre las actuaciones de los registradores, y un pleito contra el registrador tal vez sea suficiente. No estamos, sin embargo, sugiriendo que éste es el remedio adecuado para el peticionario.

Hemos tenido una duda en este caso con motivo del hecho de que El Pueblo de Puerto Rico quizás podría alegar que es el demandado propio y que no se puede incoar acción en su contra, pero si esto fuera así, análogamente podría aplicarse a la tentativa de invocar el artículo 71 de la Ley Hipotecaria contra El Pueblo de Puerto Rico.

*Debe declararse sin lugar la moción de reconsideración.*

El Juez Asociado Señor Córdova Dávila no intervino.