## Ex Parte Dessús.

Apelación procedente de la Corte de Distrito de Ponce.

No. 56.   Resuelto en Octubre 9, 1905.

Habeas Corpus.—Apelación.—Falta de jurisdicción.—El recurso de apelación en procedimientos de *habeas corpus* solo procede contra las resoluciones definitivas de los Jueces de Distrito, y una resolución de un Juez declarándose incompetente para conocer de una solicitud es equivalente en su naturaleza, á una resolución denegando la expedición del mandamiento de *habeas corpus*, y no es, por tanto, apelable, sin que altere la naturaleza de tal resolución la circunstancia de que el Juez admitiera fianza al peticionario mientras consideraba y resolvía la solicitud.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Manuel F. Rossy.*
Abogado del apelado: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

El peticionario en esta causa, Luis Felipe Dessús, fué acusado ante la Corte de Distrito de Ponce, el 3 de marzo de 1904, del delito de libelo, y celebrado el juicio el 15 de junio fué declarado culpable y condenado á seis meses de prisión y al pago de las costas. Contra esta sentencia el acusado interpuso recurso de apelación para ante el Tribunal Supremo, y en 31 de mayo de 1905 quedó confirmada en todas sus partes la sentencia dictada por la corte inferior. El día 14 de junio presentó á la

Corte Suprema un escrito solicitando el auto de *habeas corpus,* cuya solicitud fué denegada el día 19 del mismo mes de junio por las razones expuestas en el dictamen de dicha corte. El día 29 de junio de 1905 solicitó del Hon. José Tous Soto, Juez de la Corte de Distrito de Ponce, el auto de *habeas corpus.* Dicho Juez puso en libertad provisional al referido preso, bajo fianza, hasta celebrarse la vista, la que tuvo lugar el día 10 del siguiente mes de julio. En dicha fecha el juez de distrito á quien se presentó el citado escrito solicitando el auto de *habeas corpus,* después de consignar los hechos y exponer detenidamente la historia de la causa, dictó sentencia redactada en las siguientes palabras:

"Por tanto, la Corte debe declararse, como por la presente se declara, sin jurisdicción para considerar esta petición de *habeas corpus,* en la cual se sobresee, con las costas de oficio, cancelándose la fianza prestada por los acusados para permanecer en libertad durante la sustanciación de este auto, y quedando los mismos bajo la custodia en que se encontraban al formular esta petición."

Contra esta sentencia del Juez de la Corte de Distrito, el peticionario interpuso recurso de apelación para ante esta Corte, y suplicó al citado Juez que fijara la fianza mientras se resolviese la apelación, á lo que dicho Juez se negó, trasmitiendo el asunto al Tribunal Supremo.

Después de esto el acusado suplicó al Hon. José C. Hernández, Juez Asociado de esta Corte, quien se encontraba de turno durante las vacaciones, que fijara la fianza interín se encontrara pendiente la apelación. Al resolver esta cuestión el Sr. Juez Hernández se negó á fijar la fianza, puesto que la providencia de Juez de la Corte de Distrito no era definitiva ó firme y contra la misma no había lugar al recurso de apelación de acuerdo con los estatutos de Puerto Rico, y las leyes aplicables á tales casos.

El Juez de la Corte de Distrito al resolver el asunto

opina que no tenía jurisdicción para conceder el auto, y por esa razón se negó á expedir el auto y anula la fianza provisional que se había prestado, volviendo á poner el preso bajo la custodia en que se encontraba al formularse la petición. Tal providencia equivale exactamente á una negativa en primer lugar de conceder el auto, pues así lo dice Church on *Habeas Corpus,* sección 389, refiriéndose dicha sección á la sentencia dictada en el caso de Coopwood *ex-parte,* 44 Texas 467. La situación del caso no quedó alterada por el mero hecho de que el Juez de la Corte Distrito optó tomar tiempo para considerar la solicitud antes de negarse á conceder el auto, y que durante el tiempo que tardó en considerar la misma puso en libertad provisional al peticionario.

De acuerdo con los estatutos de Puerto Rico secciones 1a. y 4a. de la "Ley Disponiendo apelaciones en los procedimientos de *Habeas Corpus*", leyes de 1903, páginas 104, 105, queda dispuesto que podrá interponer recurso de apelación contra la providencia definitiva de un tribunal ó juez al devolverse diligenciado el auto de *habeas corpus,* cualquiera de las partes en el procedimiento que resultare agraviada por el mismo, y quedan prescritos ciertos requisitos, cuando el recurso de apelación se interpone por un preso acusado de un delito caucionable. La citada ley constituye la única autoridad de esta Corte para considerar recursos de apelación en el procedimiento de *habeas corpus,* habiendo sido expresamente derogadas por la sección 9a. de dicha ley, todas las leyes que se opongan á la misma.

Resulta claro de un examen de los autos que la providencia contra la cual se interpuso este recurso de apelación no era una providencia definitiva de un tribunal ó juez al devolverse diligenciado el auto de *habeas corpus,* puesto que la devolución del auto diligenciado no fué tomada en consideración por el Juez de la Corte de Dis-

trito, sino solamente la jurisdicción del tribunal ó juez á quien se presentó la petición.

Habiendo resuelto el Juez de la Corte de Distrito de Ponce que él no tenía jurisdicción para conocer del asunto, desestimando la solicitud, y no siendo la providencia dictada por él, una "providencia definitiva de un tribunal ó juez al devolverse diligenciado el auto de *habeas corpus*", esta Corte carece completamente de competencia para conocer del asunto, y, por tanto, el presente recurso de apelación debe desestimarse, con las costas al peticionario.

*Desestimado.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y Wolf.