# Ex Parte Delgado.

## Apelación procedente de la Corte de Distrito de Ponce.

No. 84.—Resuelto en abril 25, 1907.

Habeas Corpus—Juramento.—La solicitud de *habeas corpus* debe jurarse por el mismo interesado siempre que sea posible, y si no lo hiciere, deberá expresarse la razón ó motivo que le impidiera hacerlo, y en todo caso debe especificarse en el juramento qué hechos de la solicitud se juran por propio conocimiento y cuáles por información.

Id.—Apelación.—Una resolución de la corte inferior rechazando de plano una solicitud de *habeas corpus*, sin que se expidiera el mandamiento, no tiene el carácter de definitiva y no es apelable.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. Figueras emitió la opinión del tribunal.

El apelante en este caso, por conducto de su abogado Don Domingo Sepúlveda, solicitó en 30 de marzo del año actual, un auto de *habeas corpus* de la Corte de Distrito de Ponce, alegando que se halla ilegalmente restringido en su libertad en la cárcel del distrito de Ponce, en virtud de sentencia dictada en 5 de diciembre de 1906, por el juez municipal de Coamo, Don Rafael Guillermety, porque 'habiendo sido convicto del delito definido en el artículo 470 del Código Penal y condenándosele á la pena de doscientos dollars de multa y costas ó en defecto de pago de la misma, á un año de cárcel, lleva cumplidos más de noventa días y no debe sufrir más tiempo de prisión, porque á esto se opone el artículo 54 del Código de Enjuiciamiento Criminal, que dice así:

"Cuando se dicte sentencia contra el acusado, imponiéndosele multa y pago de las costas del juicio, si dejare de hacerlas efectivas inmediatamente, el juez ordenará que se le detenga en prisión á razón de un día por cada cincuenta centavos de multa y costas que dejare de pagar, siempre que la totalidad de dicha prisión no excediere de noventa días."

La Corte de Distrito de Ponce declaró "que vista la petición en este caso, la declaraba sin lugar."

De esta resolución se interpuso recurso de apelación para ante esta Corte Suprema.

No compareció el apelante, pero el fiscal, en el acto de la vista se allanó á la pretensión, sosteniendo que procedía la inmediata libertad del peticionario.

Aquí no tenemos á la vista más que la solicitud original, el escrito apelando y la resolución del juez.

Del texto de la resolución apelada, parece deducirse que se rechazó de plano la solicitud por un defecto de forma y suponemos que éste se refiera al juramento, que dice así:

"Jurado ante mí por Don Domingo Sepúlveda, hoy 30 de marzo de 1907.—Gustavo Rodríguez, Notario.—Lugar del sello."

Indudablemente que ese juramento es deficiente.

Nosotros hemos dicho en otra ocasión que la buena práctica, es que el interesado jure la solicitud cuando se pueda, por más que no se ha rechazado ningún juramento, porque lo haya hecho, como en este caso, solamente el abogado.

Pero aun aceptando esta manera particular, siempre debe expresarse la razón ó el motivo, porqué el interesado no lo hace y jurar también los hechos de la solicitud, ya sea por propio conocimiento ó ya por referencia.

Pero de todos modos, parece claro que los autos que tenemos á la vista, que el auto de *habeas corpus* no llegó á diligenciarse y, por consiguiente, la resolución rechazando de plano la solicitud no es definitiva y por esa razón no cabe contra ella el recurso de apelación.

Es terminante la sección primera de la "Ley disponiendo apelaciones en los procedimientos de *habeas corpus*," leyes de 1903, páginas 104, 105. Dice así:

"Podrá interponer recurso de apelación, para ante el Tribunal Supremo de Puerto Rico, contra la providencia definitiva de un Tribunal ó juez al devolverse diligenciado el auto de *habeas corpus*, cualquiera de las partes que resultare agraviada."

Las causas de Satiriche y la de Luis Felipe Dessús, falladas por este tribunal, respectivamente, en 13 y 9 de octubre de 1905, en sus elementos esenciales son iguales á la presente y procedentes de la misma corte de Ponce.

Por tanto, esta Corte Suprema carece de jurisdicción para considerar esta apelación, y debe desestimarse.

*Desestimada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.