Antonio Rullán Vélez, peticionario y apelante, *v.* Cristino R. Colón, Juez de la Corte Municipal de Mayagüez, demandado y apelado.

Núm. 7240.—*Sometido:* Febrero 27, 1936. *Resuelto:* Julio 28, 1936.

*Enrique Báez García,* abogado del apelante; *Oscar Souffront,* abogado del apelado y del demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

■ Antonio Rullán apela de una sentencia por la cual la Corte de Distrito de Mayagüez anuló un auto de *certiorari* librado con el fin de revisar una orden dictada por el juez de una corte municipal en procedimiento de embargo. Del legajo de sentencia copiamos la siguiente "Diligencia y notificación de embargo" suscrita por el márshal de la corte municipal:

"Diligencia y notificación de embargo.—Yo, José Cintrón, Márshal de la Corte Municipal de Mayagüez, P. R., CERTIFICO: Que en virtud de una orden de embargo para asegurar la efectividad de sentencia por la suma de TRESCIENTOS VEINTE DÓLARES SETENTA Y TRES CENTAVOS de principal, que se reclaman en la demanda, más $100 para intereses y costas, que me ha sido dirigida por la Hon. Corte Municipal de Mayagüez, Puerto Rico, con fecha 20 de noviembre de 1935, en el caso arriba indicado, procedí a embargar y embargué, como de la propiedad de los demandados, según acuse de bienes hecho por el Lic. Oscar Souffront, abogado de la parte demandante, los siguientes bienes:—10 quintales café verde.—22 almudes de café en uva.—Toda la cosecha de café pendiente de recolección que produzca la finca que más adelante se describe.—RÚSTICA:—Hacienda cafetal denominada 'TERESA' dedicada a café, plátanos, maleza, pasto y árboles frutales, sita en el barrio Indiera Fríos, de Maricao, con una cabida de 115 cuerdas, colindante por el norte con terrenos hoy de Arturo Rodríguez, los de Benito Poueymirou antes, hoy Sepúlveda y los de la sucesión de Pedro Gil, antes, hoy de los hijos de Antonio Benvenutti; al sud con los de Antonio Benvenutti antes, hoy de G. Llinás & Cía. y los de Juan Inés Arvelo antes, hoy de Francisco Laracuenta; al este con terrenos de Arturo Rodríguez, con los de la Hacienda 'Delfina' de G. Llinás & Cía. y los de Juan Inés Arvelo antes, hoy de Francisco Laracuenta y los de G. Llinás & Cía. y por el oeste con los de la Sucesión de Juan Ferrer, antes y hoy con G. Llinás & Co. y Domingo Piovanetti. Contiene varios establecimientos.—Y por la presente se notifica a ustedes, demandados, Antonio Rullán Vélez y la Sucesión de Pedro Ruiz Ruperto, compuesta de su viuda, Tomasa Ithier y sus hijos legítimos, Miguel Angel Ruiz Ithier y Alejandrina

Ruiz Ithier, emancipados, y los menores de edad, representados por su madre con patria potestad sobre dichos menores, María, Tomasa, Pedro, Margara, Andrés Ruiz e Ithier, del embargo trabado y se les advierte de que no podrán vender, ceder, gravar ni en forma alguna disponer de los bienes embargados sin una orden de la Corte Municipal de Mayagüez, P. R.—Nombré depositario de los bienes embargados a don Juan Cerdá, a quien hice entrega de los mismos.— Mayagüez, P. R., a noviembre 21 de 1935.—(Fdo.) José Cintrón, Márshal.''

La orden que el juez de distrito resolvió estaba autorizada por el inciso (h) de la sección 2 de la ''Ley para asegurar la efectividad de sentencias'', aprobada el 1º. de marzo de 1902 (véase Código de Enjuiciamiento Civil, Edición de 1933, pág. 96) lee como sigue:

''Vista la moción presentada en el presente caso por la demandante, la corte por la presente la declara con lugar y nombra depositario de la cosecha de café y otros frutos recolectados y pendientes de recolección de la finca propiedad de los demandados, denominada hacienda 'Teresa' sita en el barrio Indiera Fríos, del término municipal de Maricao, con una cabida de 115 cuerdas, dedicada a café, plátanos, maleza, pastos y frutos menores, conteniendo varios establecimientos y colindante. . . . a don Francisco Mattei Antonmattei, mayor de edad, casado, comerciante y vecino de Yauco, P. R., el cual deberá prestar una fianza con fiadores responsables por la suma de CUATROCIENTOS DÓLARES para responder al fiel cumplimiento de los deberes de su cargo como tal depositario y aceptar el mismo, hecho lo cual el secretario de esta corte deberá expedir a favor de dicho don Francisco Mattei Antonmattei, carta de administración para que proceda a recolectar la cosecha de café y otros frutos pendientes en dicha finca antes relacionada, pudiendo dicho depositario hacer uso de los establecimientos, maquinaria, gláciles y enseres de dicha finca para la recolección, elaboración y preparación del café, 'sin perjuicio de la intervención y reclamación que en defensa de sus intereses quisiera hacer el demandado de acuerdo con la ley.'—Mayagüez, P. R., a 23 de noviembre de 1935.—(fdo.) Cristino R. Colón, Juez Corte Municipal.''

De conformidad con los términos expresos del artículo 263 del Código Civil (Edición 1930), ''los árboles y plantas y los frutos pendientes, mientras estuvieren unidos a la tierra

o formaren parte integrante de un inmueble'', son bienes inmuebles.

Los artículos 9, 10 en parte, 11 y 12 de la Ley para Asegurar la Efectividad de Sentencias leen así:

"Artículo 9.—El embargo y prohibición de enajenar inmuebles se efectuarán anotándolos en el registro de la propiedad y notificándolos al demandado, con la prevención de que no podrá enajenar los bienes embargados sino en pública subasta, con citación del demandante, quedando el precio consignado a disposición del tribunal, ni enajenar en ningún caso los bienes en que haya recaído la prohibición. La enajenación de dichos bienes realizada en contravención a lo dispuesto en este artículo se reputará fraudulenta para todos los efectos civiles y penales, y las personas responsables del fraude serán castigadas además como culpables de desacato (desobediencia).

"Artículo 10.—La prohibición de enajenar bienes muebles y el embargo de los mismos se practicarán depositando los bienes de que se trate en poder del tribunal o de la persona designada por éste, bajo la responsabilidad del demandante. . .

"Artículo 11.—Las disposiciones de la sección precedente son aplicables a los frutos que produzcan los bienes embargados o cuya enajenación se haya prohibido, si el embargo o prohibición fuere extensivo a dichos frutos.

"Artículo 12.—No obstante lo dispuesto en la sección 9, el demandado será privado de la custodia y administración de los bienes inmuebles embargados, o cuya enajenación se le hubiera prohibido, si él o la persona encargada de dichos bienes los abandonaren, descuidaren la administración de los mismos o realizaren actos con relación a ellos que hagan a éstos desmerecer notablemente de valor, siempre que tales hechos se prueben a satisfacción del tribunal. Cuando ocurriere el caso mencionado se designará al actor, o la persona que éste propusiese bajo su responsabilidad, como depositario administrador de los bienes, prestándose por dicho demandante fianza suficiente o ampliándose la primeramente constituída, si fuere insuficiente, a juicio del tribunal, a fin de responder del depósito y administración.''

El inciso (h) del artículo 2 de la referida ley dispone que: "(h) En lo no previsto en las reglas precedentes, el Tribunal

discrecional y equitativamente adoptará las medidas procedentes para asegurar la efectividad de la sentencia.'' Las ''reglas precedentes'' cubren la cuestión de embargos y medidas de naturaleza prohibitiva. Una obligación monetaria es uno de los casos provistos por dichas ''reglas precedentes.'' Cuando se trata de tal obligación ''el aseguramiento consistirá en el embargo de bienes bastantes del deudor para responder de la suma reclamada.'' De todos modos, a menos que se admita que las cortes municipales pueden designar depositarios (*receiver*) para bienes inmuebles con el fin de que cultiven el terreno y recojan los frutos, sin necesidad de invocar el inciso (*h*) en apoyo de esa autoridad, muy bien podría dudarse de si la legislatura tuvo la intención con tal inciso de conferirles la facultad de designar semejantes depositarios, excepto en la forma provista por el artículo 12, supra. Estas son, sin embargo, cuestiones que no es necesario resolver definitivamente por ahora.

■■ Café sin recolectar no puede ser embargado como propiedad mueble, ni puede el márshal de una corte, luego de tratar de trabar un embargo sobre café como propiedad mueble, entregar la posesión del mismo a un depositario por él designado. Aún si el márshal hubiera seguido el procedimiento prescrito por la sección 9, supra, para el embargo de propiedad inmueble, él no hubiera podido designar un depositario para recolectar la cosecha. Véase *Rodríguez* v. *Corte de Distrito de San-Juan*, 31 D.P.R. 694. Los frutos a que se hace referencia en el artículo 11, supra, son no sólo los producidos por el terreno que ha sido embargado, sino también aquéllos que de por sí han sido embargados como parte del terreno que los produjo.

■ Según el inciso (*h*), la facultad allí conferida ha de ejercitarse con discreción y de acuerdo con la equidad. Bajo la práctica de equidad las reglas que gobiernan la designación de depositarios están demasiado bien establecidas y son por de más conocidas para que se les exponga aquí de nuevo.

478

■ La sección 14 de la Ley para Asegurar la Efectividad de Sentencia lee:

"Todas las pretensiones que se dedujeren por cualquiera de las partes en el curso del juicio en relación al aseguramiento de sentencia, se sustanciarán en pieza separada, dándose traslado a la parte contraria, con citación para una comparecencia ante cualquiera de los jueces, en la cual se propondrán y practicarán las pruebas que cada una de las partes propusiere y fueren pertinentes, resolviéndose acto seguido por el tribunal la cuestión propuesta, sin que en ningún caso tales cuestiones sean obstáculos para la continuación del pleito principal. Entre la citación y la comparecencia de estos juicios verbales no mediará un término mayor de cinco días, y no se suspenderá la celebración de los mismos por ningún motivo. Toda resolución del tribunal será ejecutoria desde luego, pudiendo consignarse por la parte perjudicada la oportuna protesta, a los efectos del recurso que la Ley de Procedimientos le conceda contra la sentencia definitiva."

El letrado de la demandante suscribió y radicó en la corte municipal un escrito que lee así:

"A la Honorable Corte:

"Comparece ahora la demandante representada por su abogado, Lic. Oscar Soufffront, y respetuosamente expone y solicita:

"*Primero:* Que en este caso y en virtud de orden de esta Hon. Corte se expidió por el secretario de la misma mandamiento de embargo dirigido al márshal de la Corte Municipal de Mayagüez, habiendo la demandante señalado a dicho márshal para ser embargados como propiedad de dichos demandados arriba mencionados, la cosecha de café y otros frutos de la finca rústica 'Hacienda cafetal denominada "Teresa"', dedicada a café, plátanos, malezas y pastos, sita en el barrio de Indiera Fríos, del término municipal de Maricao, con una cabida de CIENTO QUINCE CUERDAS, y colinda al norte con Arturo Rodríguez, Benito Poueymirou, antes, hoy Sepúlveda, y los de la sucesión de Pedro Gil; al sud con los de don Antonio Benvenutti, hoy de G. Llinás & Co.; al este con Arturo Rodríguez y por el oeste con los de la sucesión de Juan Ferrer, hoy de Domingo Piovanetti. Contiene varios establecimientos, siendo dicha finca de la propiedad de los demandados, habiendo sido embargada dicha cosecha de café por dicho funcionario.

"*Segundo:*—Que el márshal de esta corte a solicitud de la parte demandante nombró depositario provisional de dicha cosecha de café

así embargada a don Juan Cerdá, mayor de edad, agricultor, y vecino del barrio Indiera Fríos, del término municipal de Maricao, Puerto Rico.

"*Tercero:*—Que dichos frutos correrían el riesgo de perderse en parte o en su totalidad en detrimento de la demandante como de los demandados, a menos que por esta Hon. Corte se proceda a nombrar un depositario de dichos café y frutos, así embargados, los cuales estima dicha demandante que deben tener un valor como de CUATRO- CIENTOS DÓLARES.

"POR LO QUE la demandante a esta Hon. Corte propone para el nombramiento de depositario de dicha cosecha de café y frutos a don Francisco Mattei Antonmattei, mayor de edad, casado, comerciante y vecino de Yauco, P. R.''

Admitiendo tan sólo para los fines de la argumentación que una corte municipal tiene autoridad bajo el inciso (*h*), supra, o bajo alguna otra ley, para designar un depositario en circunstancias distintas a las mencionadas en la sección 12, supra, y admitiendo además, (sin necesidad aparente para ello) que la relación hecha en el párrafo anterior hubiese justicado tal designación luego de haberse notificado a los demandados y de dárseles la oportunidad de ser oídos, el hecho de que se hubiera designado un depositario sin noti- ficarse a la parte contraria, sin vista u oportunidad para ser oída, bastaba para que se revocara la orden de que se quejan los peticionarios en el recurso de *certiorari*.

Los apelados en su alegato solicitan se desestime el recurso: porque el escrito de apelación interpuesto contra la sentencia dictada por la corte de distrito no fué notifi- cada a ciertos demandados que en la corte municipal no se unieron al codemandado Rullán al acudir a la corte de dis- trito en solicitud de un auto de *certiorari;* porque el pre- sente recurso no es uno de los provistos por los incisos 1 y 2 del artículo 295 del Código de Enjuiciamiento Civil; porque si se incluye el presente recurso en el inciso tercero del ar- tículo 295 entonces el escrito de apelación debió haberse radicado dentro de diez días contados a partir de la fecha en que se archivó la notificación de la resolución apelada;

porque el único señalamiento de error del apelante es demasiado general.

El señalamiento despojado de toda fraseología supérflua, es que la corte de distrito cometió error al resolver que los procedimientos en la corte municipal fueron correctos y ajustados a derecho y al anular el auto de *certiorari*. El señalamiento quizá pudo ser más específico, pero el defecto no es de tal naturaleza que exija la revocación al suscitarse la cuestión por primera vez en el alegato de los apelados.

El presente recurso no cae dentro del inciso tercero del artículo 295 del Código de Enjuiciamiento Civil. Cae dentro del párrafo primero de dicho artículo. Véase *León* v. *Brusi*, 21 D.P.R. 445, y *Vega* v. *Hernández*, 21 D.P.R. 533.

Los apelados no nos citan autoridad alguna en apoyo de su contención de que el apelante Rullán debió haber notificado su escrito de apelación a sus codemandados en la corte municipal que no fueron partes en el procedimiento de *certiorari*. En ausencia de autoridad o argumento, no estamos preparados para decir que el haber dejado Rullán de notificar el escrito de apelación a sus codemandados en la corte municipal equivalga a un defecto jurisdiccional.

*Debe revocarse la resolución de la corte de distrito. La orden de la corte municipal, en tanto en cuanto se refiere a la designación de un depositario para el café no recolectado, debe quedar sin efecto y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.