LEONOR SABATER, peticionaria, *v.* LA CORTE DE DISTRITO DE PONCE, HON. ROBERTO H. TODD, JR., JUEZ, demandada; COMISIÓN INDUSTRIAL DE PUERTO RICO, apelante.

Núm. 7636.—*Sometido:* Diciembre 13, 1937. *Resuelto:* Febrero 18, 1938.

*M. León Parra,* abogado de la apelante; *Virgilio Brunet,* abogado de la peticionaria y apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La presente es una apelación contra sentencia de uno de los jueces de esta Corte Suprema actuando como juez de turno cuya desestimación solicita la parte apelada 1°., porque la Comisión Industrial que la interpuso no tiene derecho en ley para ello; 2°., por haberse establecido fuera de tiempo y 3°., porque es frívola.

De los autos resulta que en mayo 20, 1937 la Comisión Industrial resolvió que Leonor Sabater, madre del obrero Jesús Sabater, muerto el 14 de junio, 1935 por electrocución sufrida mientras trabajaba con alambres eléctricos de su patrono la Ponce Electric Company, y Jesús Sabater o Padilla su hijo póstumo, eran sus beneficiarios, debiendo la compensación ascendente a $2,280 distribuirse por partes iguales entre los mismos.

No conforme Leonor Sabater, entabló en 3 de junio de 1937 recurso de revisión ante la Corte de Distrito de Ponce, titulando su petición: "Leonor Sabater, recurrente, Comisión Industrial de Puerto Rico compuesta de sus miembros Hon. Manuel León Parra, Hon. Juan M. Herrero, Hon. Francisco Paz Granela, recurrida."

Notificados la comisión y el otro beneficiario y reclamados los autos originales, se celebró una vista, y la corte decidió finalmente el recurso confirmando la resolución de la comisión por sentencia de agosto 24, 1937.

Fué entonces que Leonor Sabater se dirigió a la Corte Suprema y archivó en su secretaría el 23 de septiembre de 1937 su solicitud de *certiorari* dirigida al juez de turno por hallarse la corte en vacaciones.

El juez de turno ordenó la expedición del auto y fijó la vista para octubre 4, 1937 "debiendo la peticionaria dar cumplimiento a lo prescrito en el artículo 69 del reglamento de esta corte."

En el día señalado se celebró en efecto·la vista compareciendo sólo la peticionaria por su abogado. Se unió a los autos documentación tendente a demostrar que la compañía aseguradora y la madre del beneficiario menor fueron citados. No hay constancia de que la Comisión Industrial fuera citada.

El 5· de octubre la peticionaria archivó un memorándum en apoyo de su solicitud y el 16 el juez de turno resolviendo que el hijo póstumo no era un beneficiario de acuerdo con la ley, dictó sentencia anulando la de la Corte de Distrito de· Ponce en tanto en cuanto incluía a dicho hijo como tal beneficiario, devolviendo el caso a la dicha corte para ulteriores procedimientos no inconsistentes con su sentencia.

Ésta se comunicó con devolución de los autos a la corte de distrito el 26 de octubre, 1937 y el 4 de noviembre siguiente la Comisión Industrial por medio de su Presidente apeló de ella para ante el Tribunal Supremo en pleno. No consta que la sentencia fuera notificada a la comisión.

■ Siendo ésos los hechos ¿cabe desestimar la apelación? La sección 9 de la ley fijando la duración de las sesiones del Tribunal Supremo de Puerto Rico aprobada el 1°. de marzo de 1902, tal como fué enmendada por la Ley núm. 59 de 1931 (Leyes de ese año, pág. 405) dispone que las resoluciones que dicte el juez de turno estarán sujetas a la revisión del tribunal "siempre que ello fuere solicitado por parte interesada dentro de los diez días después que le fuere notificada."

¿Es la Comisión Industrial una parte interesada dentro del recurso de *certiorari* interpuesto ante el juez de turno, con derecho a solicitar la revisión de la sentencia resolutoria del mismo? Veámoslo.

Como sabemos, dicho recurso fué establecido para anular la sentencia dictada por la Corte de Distrito de Ponce en el de revisión entablado por la peticionaria contra la Comisión Industrial. La parte realmente demandada en el *certiorari* era la corte de distrito que debió ser y fué notificada pero en casos tales el reglamento de esta corte en su sección 69 ordena que la petición muestre además "el nombre o nombres de la parte realmente interesada, o cuyos intereses puedan ser afectados directamente por los procedimientos, y en dichos casos será deber del peticionario a cuyo favor se dicte la orden, entregar o hacer que se entregue a dicha parte, o partes interesadas, una copia certificada de la declaración jurada y del auto que fundado en ella se expida, de la misma manera que ha de entregarlos al demandado a que se haga referencia en la declaración jurada, y dicho peticionario deberá presentar y entregar en la oficina del secretario de este tribunal, la prueba de la entrega de los expresados documentos." 17 D.P.R. LXXVI.

La peticionaria cumplió el precepto reglamentario en cuanto al menor pero no en cuanto a la comisión a quien ella misma había demandado en revisión ante la corte de distrito.

Se ha sostenido por la jurisprudencia que "la corte, al decidir quiénes son las partes propias en un procedimiento de *certiorari,* debe atenerse a las que como tales se designan en el récord original." *Fitch* v. *Board of Auditors of Claims against Manitou County,* 133 Mich. 178, 94 N.W. 952. Y al referirse a organismos públicos, Corpus Juris resume la jurisprudencia sobre la materia así: "En un recurso de revisión, el condado u otra corporación pública de cuya actuación se recurre, debe figurar como parte querellada." 11 C.J. 143.

Habiendo en cuenta esa jurisprudencia, la regla de este tribunal y la realidad de los hechos, creemos que debemos resolver que la Comisión Industrial debe considerarse como una parte interesada en el recurso de *certiorari* con derecho

a pedir al tribunal en pleno que revise la sentencia del juez de turno. Ella fué demandada ante la corte de distrito en el recurso de revisión en que se dictó la sentencia que se anuló en el de *certiorari* y tiene tanto o más interés que la corte de distrito en la decisión última de la cuestión envuelta determinante, en parte, de su jurisdicción no sólo en el caso concreto de que se trata sino en otros similares.

■ Habiendo llegado a esa conclusión, claro es que debe también concluirse que el recurso se interpuso en tiempo ya que el término de diez días que fija la ley se cuenta a partir de la notificación y la comisión no fué nunca notificada.

En cuanto al tercer motivo de desestimación, bastará decir que hemos estudiado los autos y no hemos quedado convencidos de que el recurso sea claramente frívolo.

*Por virtud de todo lo expuesto debe declararse la moción sin lugar y atendida la urgencia del caso y estando el recurso listo para verse en su fondo la vista debe señalarse para el primer día libre que haya en el próximo mes de abril.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.