758

José D. Rodríguez, peticionario y apelante, *v.* Corte de Distrito de Aguadilla, Hon. E. S. Mestre, Juez, demandada, y R. Sancho Bonet, Tesorero de Puerto Rico, interventor.

Núm. 7378.—*Sometido:* Marzo 29, 1938. *Resuelto:* Julio 30, 1938.

*José D. Rodríguez y Nicolás Lecároz Largé,* abogados del apelante; *Hon. Procurador General B. Fernández García, César Andréu Ribas, Subprocurador Auxiliar y Carlos Santana Becerra,* abogados del interventor.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Tenemos ante nos la apelación interpuesta contra una decisión del Juez Asociado Sr. Martín Travieso dictada como Juez de Turno en la cual se anuló un auto de *certiorari* previamente expedido. Todo el procedimiento surgió de un

incidente dentro de la ejecución por la vía sumaria de una hipoteca por el Tesorero de Puerto Rico. A continuación copiamos la relación de hechos contenida en la opinión del Juez Travieso, que adoptamos como nuestra:

"El Tesorero de Puerto Rico, como cesionario del Banco Industrial de Puerto Rico, entabló demanda contra José D. Rodríguez, para la ejecución por la vía sumaria de una hipoteca constituída por el demandado para garantizar el pago de un pagaré por la suma de $3,500 de capital, sus intereses al 10 por ciento anual, más $200 de crédito adicional, otorgado originalmente a favor del Banco y cedido por éste al Tesorero demandante.

"La demanda alega que el Tesorero es dueño y actual tenedor del pagaré, por entrega que le hiciera el Banco Industrial con el endoso correspondiente; que se acompaña el pagaré original al escrito inicial, para que la Corte pueda examinarlo y determinar la personalidad del demandante en relación con dicho pagaré; y que se deja anexa una copia del documento. Unida a los autos originales remitidos por la Corte de Distrito aparece una copia del pagaré radicado en la Secretaría de la Corte en la misma fecha en que se radicó el escrito inicial. También aparece anexa a dichos autos copia de la escritura de constitución de hipoteca, en la que consta el texto íntegro del pagaré garantizado por la hipoteca, cuyo texto corresponde exactamente con el del pagaré anexo al escrito inicial.

"En 9 de julio de 1936, la corte de distrito libró auto de requerimiento que comienza así:

" 'Visto el escrito inicial radicado por el demandante, los documentos que se acompañan al mismo, y el original del pagaré de $3,500.00 suscrito por el demandado a la orden del Banco Industrial de Puerto Rico, y visto el endoso del mismo, el cual ha sido presentado en este día a la Corte por el demandante,'

"Practicado por el Márshal el requerimiento del demandado, éste, en 23 de julio de 1936, radicó una moción solicitando la anulación del auto de requerimiento por los motivos siguientes:

"1. Porque no se unió el pagaré original al escrito inicial, para que dicho pagaré original aparezca en autos respaldando la expedición del auto de requerimiento.

"2. Porque el endoso del pagaré es insuficiente para trasmitir al demandante la propiedad de dicha obligación.

"3. Porque la firma al pie del endoso no ha sido autenticada, ni aparece probado que la firma sea la de una persona con autoridad para endosar el documento a nombre del Banco."

La corte inferior por medio de la orden correspondiente denegó la moción arriba expuesta y ésta fué la orden que confirmó el Juez Travieso cuando anuló el auto de *certiorari*.

El apelante insiste una vez más, basado en los mismos tres fundamentos ya expuestos, en que el auto de requerimiento debe ser anulado. No podemos convenir con ninguna de sus contenciones.

■■ La primera proposición fué clara y correctamente resuelta en la opinión apelada. Tenemos muy poco que añadir. Éste era un procedimiento ejecutivo sumario y como tal debe solamente suspenderse por las razones especificadas en el artículo 175 del Reglamento para la Ejecución de la Ley Hipotecaria. Es al juez de distrito principalmente a quien corresponde convencerse de la suficiencia y validez de los documentos ante él cuando se ejecuta una hipoteca. Del récord ante nos surge una presunción fuerte e incontrovertida de que dicho magistrado tuvo efectivamente el original del pagaré ante sí y lo examinó. El deudor tuvo una oportunidad amplia de solicitar que el acreedor ejecutante lo presentara de nuevo. Optó por no hacerlo así y no podemos contradecir las declaraciones del juez de distrito basándonos en una demostración tan pobre por parte del deudor. No existe requisito de ley alguno que exija que un acreedor ejecutante deje en todo momento el original de un pagaré hipotecario en manos del Secretario de la corte. Se desestima por lo tanto el primer error.

■■■ El tercer fundamento de la apelación fué sustancialmente cubierto por nuestra opinión en el caso de *Domenech, Tesorero* v. *Suau, Fiol & Co.*, 49 D.P.R. 755, 758, donde insinuamos que la resolución de la corte inferior en cuanto a la autenticidad de la firma del endosante debe ser aceptada por esta corte. Además, como dice el Juez Travieso en su opinión, el apelante no ataca su autenticidad o la

autoridad del endosante sino que meramente levanta la duda de si es genuina. Somos de opinión que la corte estuvo justificada al asumir la validez del endoso. Desde luego, cualquiera de las cuestiones discutidas hasta ahora puede ser ampliamente levantada y argumentada en un juicio plenario.

El error que nos queda por discutir se refiere a la suficiencia del endoso. Éste lee como sigue:

"Los intereses de esta obligación han sido satisfechos hasta el 21 de septiembre 1929.

(Y entonces, con alguna separación.)

"BANCO INDUSTRIAL DE PUERTO RICO.

"Por (Fdo.) M. B. Pérez Jr.
Sub-Gerente."

Convenimos con la opinión del Juez Travieso donde dice:

"Resolvemos que el endoso hecho en el presente caso, unido a la tenencia del crédito, y a la presentación del pagaré con su endoso, son suficientes para dejar cumplidos los requisitos exigidos por la Ley Hipotecaria."

Además de lo arriba expuesto, somos de opinión de que la distancia entre la firma y la nota que se refiere a los pagos de intereses suscita una fuerte inferencia de que las dos cosas son independientes entre sí o que la firma fué puesta con el objeto de cubrir ambas operaciones, o sea, la de reconocer los pagos y la de transferir el título del pagaré. De todos modos, somos del criterio que todas las objeciones levantadas por el apelante deben ser más propiamente discutidas y decididas en un juicio plenario.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Travieso y De Jesús no intervinieron.