RESTITUTA ALGARÍN, peticionaria, *v.* CORTE DE DISTRITO DE HUMACAO, HON. LUIS JANER, JUEZ, demandada.

Núm. 1267.—*Sometido:* Diciembre 18, 1941. *Resuelto:* Febrero 3, 1942.

*R. Arjona Siaca*, abogado de la peticionaria.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

En diciembre 11, 1941, Restituta Algarín, representada por su abogado R. Arjona Siaca, radicó una solicitud de *certiorari* que fué desestimada al día siguiente por medio de un "no ha lugar." No conforme, presentó una moción de reconsideración en la que protestando reconocer la facultad de esta corte para resolver el asunto en la forma indicada, insiste, sin embargo, en que se expresen las razones que se tuvo para negar la expedición del auto.

La misma actitud asumió dicho abogado recientemente en el caso de *Jiménez* v. *Corte,* 59 D.P.R. 29, sobre auto inhibitorio. Al resolver su moción, el tribunal hizo constar que

no venía obligado "a explicar los motivos para la no expedición de un auto extraordinario" pero expuso en forma de opinión las razones que lo llevaron al "no ha lugar," y confirmó su negativa. No procederemos ahora de tal modo.

Corpus Juris, a cuyo enriquecimiento contribuyó el Doctor Charles Sumner Lobingier, Juez de primera instancia en Filipinas por diez años y por otros diez Juez de la Corte de los Estados Unidos para China, llevando a sus páginas gran número de bien seleccionadas palabras y frases legales españolas, dice:

"No ha lugar. The phrase used in denying relief." 38 C. J. 326.

La autoridad que cita es el Diccionario Razonado de Legislación y Jurisprudencia por D. Joaquín Escriche, Magistrado Honorario de la Audiencia de Madrid, y en efecto en el tomo tercero, pág. 950, de la nueva edición publicada en 1875, encontramos:

"Lugar. El tiempo, ocasión, oportunidad, causa o motivo para hacer o no hacer alguna cosa.—*Como mejor haya lugar en derecho,* es una expresión que se usa en todo pedimento para manifestar la parte que, además de lo que expone, quiere se le favorezca lo que permite el derecho.—*No ha lugar* es también una locución forense con que se declara que no se condesciende a lo que se pide."

Es práctica, pues, consagrada por los años, que heredamos de España, el uso de la frase legal indicada. Responde a una necesidad y se inspira en el deseo de la más rápida administración de la justicia.

Igual práctica existe en los tribunales americanos. Si examinamos, por ejemplo, el volumen 312 de las Decisiones de la Corte Suprema de los Estados Unidos, que es el último que tenemos en nuestra biblioteca, encontraremos al final, páginas 649 a 710, parte dedicada a la publicación de las decisiones *per curiam,* etc., de enero 7 a marzo 31, 1941, un gran número de casos resueltos como sigue: "Application denied" o "Petition for writ of certiorari to the Circuit Court of Appeals for the (number) Circuit denied."

La fórmula inglesa es, pues, más concisa aun que la española. Dos palabras tiene la primera, tres la segunda.

El uso de cualquiera de esas frases inglesa o castellana, no implica que la corte haya dejado de prestar la debida consideración al caso antes de resolverlo.

La práctica en esta Corte Suprema en cuanto a recursos extraordinarios se refiere es la siguiente: radicado el recurso en la secretaría, el Juez Presidente lo turna al juez que corresponda según el libro que al efecto lleva. Dicho juez le da atención preferente y lo presenta al tribunal en pleno en su primera reunión con el resultado de su estudio. En algunos casos en la sala de consultas la solicitud vuelve a leerse en voz alta íntegra o en lo pertinente la mayoría de las veces y si el tribunal queda convencido de que por una o varias claras razones no procede conceder lo que se pide o si estima que no se le ha presentado un caso propio para que ejercite su discreción cuando la tiene, como en los casos de certiorari, resuelve el asunto por medio de un "no ha lugar."

En muy contadas ocasiones al negarse la solicitud se emite opinión, ya que se trata de peticiones ex parte en las que ni los hechos ni la ley se han depurado controvirtiéndose o aceptándose por la parte contraria, y es por lo menos arriesgado sentar jurisprudencia en tales condiciones. Sólo se hace cuando se juzga conveniente dejar resuelta inmediatamente con claridad y precisión la cuestión que se suscita en beneficio de la parte que la presenta y de otras que se encuentren en posición igual o semejante y la solución no levanta duda alguna en la mente de la corte.

Otras veces se citan la autoridad o las autoridades en que la negativa descansa, por tratarse de cuestiones concretas que es conveniente hacer resaltar, pero cuando se ve que existe otro remedio adecuado y eficaz en el curso ordinario de la ley, o cuando el remedio extraordinario que se pide no lo autoriza el estatuto no estando envuelta cuestión alguna de jurisdicción o procedimiento, o si la petición no expone

los hechos con la claridad y la extensión debidas de manera que el error que se imputa como cometido por el tribunal inferior surja de los hechos mismos y no de las conclusiones del peticionario, o cuando la corte estima en el ejercicio de su discreción que no debe expedirlo, entonces la fórmula que generalmente se sigue para resolver el asunto es la de simplemente decir "no ha lugar." Los abogados que redactan las solicitudes son técnicos de la ley y saben o deben saber perfectamente sin que se les diga de modo expreso el porqué de la denegación.

La expedición de un auto extraordinario como el de certiorari, por ejemplo, a virtud de la petición de una sola de las partes en un pleito pendiente en una corte de distrito, ocasiona dilaciones y trastornos e impone gastos a la otra parte al tener que comparecer en esta corte en defensa de su derecho. En tal virtud el más elemental concepto de una buena administración de justicia requiere que se proceda con cautela en su expedición.

Sólo cuando la solicitud muestra un caso prima facie en favor del peticionario no porque él concluya, repetimos, que lo tiene y así lo exprese con el mayor énfasis sino porque surja de los hechos completos que se narran, transcribiéndose las resoluciones que se impugnan en todo o en lo pertinente con expresión de las circunstancias concurrentes y de los motivos que tuvo el juez para dictarlas, es que debe el auto expedirse y reclamarse el pleito para revisar la actuación de que se queja el peticionario con intervención de la corte demandada y de la parte que pudiera ser afectada por la resolución.

En su consecuencia y como la moción de reconsideración no contiene argumento alguno que nos convenza de que nuestra resolución declarando sin lugar la petición estuviere mal dictada y de que el auto fué bien solicitado y procede, *la moción de reconsideración debe ser desestimada.*