LEONARDO VIERA MÉNDEZ, peticionario y apelado, *v.* CORTE
MUNICIPAL DE SAN JUAN, SECCIÓN SEGUNDA, HON. GUSTAVO
JIMÉNEZ SICARDÓ, demandada; JUAN E.. VIGUIÉ, interven-
tor y apelante.

Núm. 8943.—*Sometido:* Noviembre 9, 1944.  *Resuelto:* Febrero 13, 1945.

*Miranda & Miranda Esteve,* abogados del apelante;  *Ángel A. Váz-
quez,* abogado del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El 11 de octubre de 1943 Leonardo Viera instó en la Corte Municipal de San Juan un pleito de desahucio contra Juan E. Viguié. Se alegó en la demanda que el demandante estaba habitando una casa que no era de su propiedad ni lo había sido dentro del año anterior a su radicación, y que el demandante de buena fe tenía necesidad de recobrar la posesión de la finca de su propiedad ocupada por el demandado para usarla inmediatamente con su familia como residencia. La demanda fué declarada con lugar el 3 de noviembre de 1943, y al día siguiente fué notificada la sentencia al demandado, quien no interpuso recurso alguno. contra ella. Estando pendiente de expedición la orden de lanzamiento, el demandado presentó una moción en la corte municipal, en la que expuso que era falsa la alegación que se había hecho en la demanda al efecto de que el demandante reclamaba de buena fe la posesión del inmueble para ocuparlo inmediatamente como residencia con su familia, toda vez que el 4 de octubre de 1943 el mismo Leonardo Viera había obtenido una sentencia de desahucio en la Corte de Distrito de San Juan en el caso que siguió contra María viuda de Sol, civil núm. R 155, en el cual hizo también idéntica alegación. Solicitó el demandado que se dejase sin efecto la sentencia contra él obtenida y se declarase sin lugar la demanda. Oídas las partes, la corte municipal dictó resolución el 21 de diciembre de 1943 declarando que el demandante no había probado a satisfacción de la corte el extremo en cuestión y ordenó al secretario que no expidiese orden de lanzamiento.

En enero 1944 el demandante obtuvo un auto de *certiorari* en la corte de distrito, la cual anuló la resolución de la corte municipal que prohibía la expedición de la orden de lanzamiento. La corte de distrito basó su resolución: 1, en que una vez probado por el demandante en el acto del jui-

cio que reclamaba de buena fe la posesión del inmueble para ocuparlo como residencia él o su familia, no tenía que volver a probar ese extremo a los efectos de obtener la orden de lanzamiento; 2, en que de la copia certificada de la sentencia en el caso contra María viuda de Sol no constaba que la demandada estuviera ocupando como residencia el apartamiento del cual se le desahuciaba; y 3, en que no existía ley que sostuviese la resolución dictada por el juez municipal.

El artículo 621 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley núm. 14 de 1941 (Sesión Extraordinaria, pág. 45), prescribe que no se declarará con lugar acción alguna para recobrar la posesión de un inmueble ocupado para fines de residencia en las zonas urbanas de un municipio o del Gobierno de la Capital de Puerto Rico cuando estando basada la acción en vencimiento de contrato, el dueño del edificio, según el Registro de la Propiedad, siendo persona natural no probare que al comienzo de la acción ni dentro del año anterior ha habitado una casa que no es de su propiedad y que procura de buena fe recobrar la posesión del inmeble para su inmediata y personal ocupación por él o su familia como sitio de residencia. El mismo artículo prescribe que "No se expedirá orden de lanzamiento en una acción para recobrar la posesión de un inmueble en dicha zona urbana o rural municipal por el fundamento de haber vencido el término del arrendamiento, a menos que el demandante pruebe a satisfacción de la corte que la acción es una de las mencionadas en las excepciones enumeradas en este artículo."

Como hemos visto, la circunstancia de la buena fe al tratar de recobrar la posesión del inmueble para su inmediata y personal ocupación por él o su familia como sitio de residencia, es un hecho que necesariamente debe probarse para que la acción del demandante pueda tener éxito. El demandante en este caso a sabiendas hizo esa falsa alegación, de ese modo fraudulentamente obteniendo una sentencia que sin esa falsa alegación no hubiera obtenido. Cuando

la sentencia se obtiene por medio de fraude la corte que la dictó no pierde su jurisdicción para anularla, aún después de ser firme. Puede solicitarse la nulidad dentro del mismo pleito mediante moción al efecto o estableciendo una acción de nulidad en la corte competente. *Hazel-Atlas Co.* v. *Hartford Co.*, 322 U. S. 238.

█ No tiene pertinencia la circunstancia de que en la copia certificada de la sentencia de la corte de distrito en el caso seguido contra María viuda de Sol no apareciese que la demandada ocupase el apartamiento como residencia. Ella pudo estar ocupando el apartamiento para cualquiera otro fin, pero si al reclamarlo el demandante lo hizo para ocuparlo él o su familia para residencia, es manifiesta su mala fe cuando al mismo tiempo alegó en la demanda de este caso que reclamaba la casa del demandado con el mismo propósito, pues sólo una vivienda sería suficiente para ese objeto.

Dentro de las circunstancias del caso, el juez municipal debió dejar sin efecto la sentencia de desahucio, pero el no haberlo hecho no lo privó de jurisdicción para ordenar que no se expidiese la orden de lanzamiento.

*Procede revocar la resolución de la Corte de Distrito de San Juan de fecha 21 de marzo de 1944, que a su vez anuló la orden de la Corte Municipal de San Juan prohibiendo la expedición de la orden de lanzamiento, y en su lugar dictar la que corresponde, declarando sin lugar la petición de certiorari.*