MODESTO ESCUDERO, peticionario y apelante, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. DOMINGO MASSARI, JUEZ, demandada y apelada.

Núm. 9259.—*Sometido:* Enero 14, 1946. *Resuelto:* Enero 25, 1946.

*Joaquín Velilla,* abogado del apelante; *Charles R. Hartzell* y *José L. Novas,* abogados del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El apelado, Juan J. Alba, solicita la desestimación, por frívolo, del recurso establecido por Modesto Escudero para ante el Tribunal en pleno de la resolución dictada el 14 de noviembre de 1945 por el Hon. Angel R. de Jesús, como Juez

Asociado en funciones de turno, en el caso número 159 de *Modesto Escudero* v. *Corte de Distrito de San Juan, Hon. Domingo Massari, Juez.* Dicha resolución dice así:

"El 10 de noviembre de 1944 la Oficina de Administración de Precios expidió certificado (OPA Forma–D–7) autorizando a Juan J. Alba para que instase los remedios legales procedentes para recobrar la posesión de cierta casa de su propiedad marcada con el número 21-B de la calle Loíza de Santurce, ocupada por el inquilino Modesto Escudero. Dicho certificado contenía la condición de que el pleito no podía instarse antes del 26 de enero de 1945. Alba instó a ese efecto una acción de desahucio en la Corte Municipal de San Juan, Sección Segunda, pero como después de presentada la demanda aceptó el pago de cánones de arrendamiento vencidos con posterioridad, la Corte, por ese motivo, declaró sin lugar la demanda. Dos o tres meses después, y sin obtener un nuevo certificado de la O.P.A., Alba presentó otra demanda de desahucio contra Escudero en la Corte Municipal de San Juan, Sección Tercera. Por los méritos del caso se dictó sentencia a favor del demandante. Apeló el demandado para ante la Corte de Distrito de San Juan y ésta también dictó sentencia decretando el desahucio del demandado. Recurrió entonces el demandado para ante el que suscribe, en su carácter de Juez en funciones de turno, radicando una petición de *certiorari*.

"En la petición de certiorari alegó el peticionario que la Corte de Distrito había actuado sin jurisdición porque el apelado, al radicar un segundo pleito en la Corte Municipal de San Juan, Sección Tercera, no había obtenido un nuevo certificado de la O. P. A., alegando el apelante que el primer certificado había quedado sin efecto al dictar sentencia la Corte Municipal de San Juan, Sección Segunda, declarando sin lugar la demanda.

"Ni la Ley titulada 'Emergency Price Control Act' ni el Reglamento para su ejecución establecen esa limitación que el demandado trata de imponer al certificado en cuestión. Siendo ello así y no habiéndose demostrado que las circunstancias fueren distintas en el segundo pleito de desahucio de las que prevalecían en el primero, actuó correctamente la corte inferior al no desestimar la demanda de desahucio por ese motivo.

"Por las razones expuestas se anula el auto expedido y devuélvanse los autos de este caso a la corte inferior."

La contención primordial del apelante, tanto en su escrito de oposición a la desestimación solicitada, como en la vista oral, es que el certificado expedido por la División de Inquilinato expiró o quedó sin efecto al desestimarse la primera demanda de desahucio incoada por Alba y que éste estaba en *estoppel* de ejercitar una nueva acción por haber dejado transcurrir varios meses desde el 27 de enero en que pudo ejercitar la acción.

Somos de opinión, como lo fué el Juez Asociado Sr. De Jesús, que nada hay en la ley "Emergency Price Control Act" ni en el Reglamento aprobado para su ejecución que provea que el dueño de una propiedad a quien se expide un certificado esté obligado a iniciar la acción de desahucio en la fecha precisa en que entra en vigor. Lo que no puede hacer es iniciar dicha acción un día antes de dicha fecha efectiva. La concesión de varios meses adicionales para que el inquilino se mude no puede en forma alguna sostenerse que le ha perjudicado. Tampoco encontramos nada en la ley o su reglamento que impida al dueño cobrar los cánones del arrendamiento hasta el momento en que lo da por terminado e inicia la acción del desahucio después de la fecha efectiva del certificado.

*La apelación en este caso es claramente frívola y debe ser desestimada.*

El Juez Asociado Sr. De Jesús no intervino.