FERNANDO CAMACHO, peticionario y apelante, *v.* CORTE DE DISTRITO DE GUAYAMA, HON. ÁNGEL D. MARCHAND PAZ, JUEZ, demandada; PEDRO VELÁZQUEZ, interventor y apelado.

Núm. 9867.—*Sometido:* Febrero 4, 1948. *Resuelto:* Marzo 28, 1949.

*R. G. Sugrañes Loubriel,* abogado del apelante; *Ubaldo Aponte,* abogado del interventor, demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Fernando Camacho demandó a Pedro Velázquez ante la corte municipal de Patillas reclamándole daños ascendentes

a $100 debido a que una cerda propiedad del demandado penetró en una finca del demandante destruyendo varias siembras. Celebrado el juicio, la corte municipal dictó sentencia a favor del demandante por la suma de $50 más las costas. El demandado apeló a la corte de distrito, y celebrado de nuevo el juicio ésta dictó sentencia por $30 más las costas.

El demandante solicitó la reconsideración y pidió a la corte de distrito que modificara la sentencia para que ésta incluyera la suma de $30 como honorarios de abogado, a tenor con las disposiciones de la Ley núm. 94, Leyes de Puerto Rico, 1937, que enmendó el artículo 327 del Código de Enjuiciamiento Civil. El demandante también radicó un memorándum de costas que contenía varias partidas. La corte de distrito dictó resolución declarando sin lugar la moción de reconsideración y dictó otra concediendo solamente una de las partidas del memorándum de costas. Alegando que ambas resoluciones eran erróneas, el 20 de septiembre de 1948 el demandante radicó una solicitud de *certiorari* ante el juez de turno de este Tribunal. Éste, sin oír a las partes, dictó resolución de "no ha lugar". El demandante apeló de esta resolución para ante el tribunal en pleno. Sin embargo, nunca llegaremos al caso en sus méritos ya que la resolución del juez de turno no es apelable.

Algunos casos como el presente y algunos de desahucio se originan en la corte municipal. De tales casos se apela para ante la corte de distrito, pero las sentencias de ésta no son apelables. Véase *Ayala* v. *Martell*, 65 D.P.R. 114. Para soslayar el problema de que dichas sentencias no son apelables a este Tribunal, los abogados algunas veces radican peticiones de certiorari ante las cortes de distrito en vez de apelar de la sentencia de la corte municipal o en adición a tal apelación. En esta forma, esperan venir ante nos en apelación contra cualquier sentencia adversa de la corte de distrito en el recurso de certiorari, no obstante el hecho de que la sentencia de la corte de distrito en el procedimiento principal no es apelable.

■■ El certiorari procede para revisar errores de derecho sustantivo o adjetivo. *Pérez Segovia* v. *Corte*, 69 D.P.R. 4. Si como cuestión de hecho la corte de distrito concede un certiorari expidiendo el auto y considera el caso por los méritos de la petición, su resolución del mismo, ya sea concediendo o denegando el remedio, opera como una sentencia final de la corte de distrito. Por tanto tal sentencia o resolución es apelable a este Tribunal de conformidad con el artículo 295, inciso 1 del Código de Enjuiciamiento Civil. *Cintrón* v. *Corte Municipal*, 67 D.P.R. 793; *Latoni* v. *Corte Municipal*, 67 D.P.R. 140; *Viera* v. *Corte Municipal*, 66 D.P.R. 31.; *Vando* v. *Corte Municipal*, 65 D.P.R. 6; *González* v. *Corte Municipal*, 65 D.P.R. 650; *Viera* v. *Corte*, 64 D.P.R. 544; *Sticchll* v. *Corte Municipal*, 61 D.P.R. 519; *Giménez* v. *Corte Municipal*, 58 D.P.R. 55; *Méndez & Cía.* v. *Corte*, 57 D.P.R. 845; *Rullán* v. *Colón, Juez*, 50 D.P.R. 472; *Reyes Delgado* v. *Corte*, 41 D.P.R. 902; *Buonomo* v. *Corte Municipal de Caguas*, 39 D.P.R. 882; *Agostini* v. *Corte Municipal*, 33 D.P.R. 816; *The American R.R. Co. of P.R.* v. *La Corte Municipal*, 16 D.P.R. 239.

■ Pero cuando la corte de distrito, en vez de expedir el auto, simplemente dice "no ha lugar", en efecto ha dicho que la corte no considerará el caso. *Cf. Algarín* v. *Corte*, 59 D.P.R. 856. Y si la corte nunca ha considerado el caso y no ha emitido opinión en los méritos en relación con las cuestiones suscitadas en la petición, no existe sentencia definitiva, dentro del significado del artículo 295, inciso 1, de la cual pueda apelarse. Véanse *Barreto* v. *Corte*, 59 D.P.R. 817, 823; *Méndez & Cía.* v. *Corte*, supra, pág. 854; *Sucn. Andrades* v. *Sosa*, 45 D.P.R. 732, 738; *Sampedro vda. de Fournier* v. *Fournier*, ante, pág. 584; *Del Valle Sánchez et al., Ex parte; Sánchez Díaz, et al., Opositores*, ante, pág. 663.[1]

---

[1]Reconocemos que el efecto práctico de esta regla es que la apelación dependa de la acción que la corte inferior tome en el caso. Pero debe recor-

■ Sin discutir la cuestión de si procede o no la apelación, en algunos casos hemos considerado (*entertained*) apelaciones contra resoluciones de cortes de distrito que han denegado de plano solicitudes de certiorari. Véanse *Carreras* v. *Comisión Policía Insular*, 60 D.P.R. 549; *Rodríguez* v. *Palacios, Juez*, 33 D.P.R. 444; *Rubio* v. *Rodríguez, Juez Municipal*, 25 D.P.R. 182; cf. *Dendariarena* v. *Soto Nussa*, 19 D.P.R. 1007. Mediante algunas resoluciones no publicadas también hemos confirmado en apelación varias resoluciones de cortes de distrito que han denegado de plano solicitudes de certiorari. En todos estos casos cometimos error al considerar las apelaciones en sus méritos. Debimos haberlas desestimado por falta de jurisdicción.

■■ La regla anteriormente expuesta se aplica al presente caso. La Ley núm. 59, Leyes de Puerto Rico, 1931 (pág. 405), que enmendó la ley del 1 de marzo de 1902 (pág. 84), prescribe en parte como sigue:

"Sección 9.—Uno de los jueces del Tribunal Supremo permanecerá siempre en la capital de Puerto Rico, cuando el tribunal no estuviere en sesión, y dicho juez tendrá facultad para dictar autos inhibitorios, de *certiorari*, de *mandamus*, de *quo warranto* y de *hábeas corpus;* pero su resolución en tales casos estará sujeta a revisión por el Tribunal Supremo, el cual, siempre que ello fuere solicitado por parte interesada dentro de los diez días después que le fuere notificada, revisará la resolución del juez de turno en cualquiera de dichos casos, y dictará la que a su juicio proceda."

La Ley núm. 59 no es en sus términos tan clara como el artículo 295, inciso 1. Pero en lo que concierne a este caso, creemos que la Legislatura tuvo por miras proveer sustancialmente el mismo remedio para revisar decisiones del

darse que el certiorari es un auto discrecional. Y el hecho cierto es que cuando se deniega de plano una petición, no se dicta sentencia definitiva alguna.

Precisamente porque al expedirse el auto, esto le concede a las partes el derecho de apelar para ante este Tribunal, derecho que de otro modo no tendrían, repetimos la advertencia que hicimos en los casos de *Sticchll* y *Agostini* al efecto de que las cortes de distrito deben actuar con cautela al expedir el auto.

juez de turno, que el provisto en el artículo 295, inciso 1, para las sentencias de las cortes de distrito.. Por consiguiente solamente si el juez de turno considera la petición, expide el auto y resuelve definitivamente la cuestión, es que su sentencia viene a ser apelable para ante el tribunal en pleno. Véanse *Escudero* v. *Corte*, 65 D.P.R. 574; *Cordero* v. *Corte*, 59 D.P.R. 825; *Barreto* v. *Corte*, supra; *American Colonial Bank & Trust Co*. v. *Corte*, 57 D.P.R. 567; *Rodríguez* v. *Corte*, 53 D.P.R. 758; *Sabater* v. *Corte*, 52 D.P.R. 712; *Pol* v. *Corte, y Suau, Int.*, 48 D.P.R. 379; *Sosa* v. *Corte*, 46 D.P.R. 282; *Boscana* v. *Vivas Valdivieso*, 39 D.P.R. 685. *Cf. National City Bank* v. *Arjona, Juez*, 49 D.P.R. 355..

■ En el pasado hemos considerado apelaciones contra resoluciones del juez de turno denegando de plano peticiones de certiorari. Véase, por ejemplo, *Rodríguez* v. *Corte*, 44 D.P.R. 423. Estas apelaciones debieron desestimarse por falta de jurisdicción.

■ Esta regla no le impide a un peticionario recurrir ante el tribunal en pleno. Cuando no existe una emergencia en el caso, el juez de turno de ordinario expide el auto **para** verse ante el tribunal en pleno. Véanse *Miranda* v. *Corte*, 63 D.P.R. 161; *Rodríguez* v. *Corte*, 60 D.P.R. 919. Si el juez de turno expide el auto y celebra él una vista, el caso entonces es apelable ante nosotros. Si deniega de plano la solicitud, nada hay que impida al peticionario radicar una solicitud original ante el tribunal en pleno, no obstante haberle sido denegada de plano la que le presentó al juez de turno.([2])

*La apelación contra la resolución del juez de turno será desestimada.*

El Juez Asociado Sr. De Jesús no intervino.

([2])*Cf. Ex. parte Dessús*, 9 D.P.R. 298; *Ex Parte Delgado*, 12 D.P.R. 269; *Ex parte López*, 15 D.P.R. 61, que envolvían autos de hábeas corpus.