EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO RIVERA CINTRÓN (*a*) TOLÍN, acusado y apelante.

Núm. 7695.—*Sometido:* Abril 10, 1939. *Resuelto:* Abril 14, 1939.

El apelante compareció por escrito: *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Esta apelación procede de la Corte de Distrito de Ponce.

Al ser llamado en la corte inferior para la lectura de la acusación, el acusado manifestó ''que pondría abogado defensor.'' Sin embargo, en una petición dirigida ahora a este tribunal el acusado, deseando aprovecharse del precedente establecido por el caso *Ex Parte Ramón G. Hernández Laureano,* ante, pág. 416, solicita se revoque la sentencia y se sobresea el recurso.

El fiscal de esta corte se allana a que el caso sea revocado y devuelto para ulteriores procedimientos, mas no se aviene específicamente a que se sobresea la acusación.

El caso de Hernández Laureano arriba citado descansó en la opinión emitida por el Tribunal Supremo de los Estados Unidos en el de *Johnson* v. *Zerbst,* 304 U. S. 458. En dicho caso, por voz del Juez Asociado Sr. Black, el tribunal dijo:

''Debe tenerse presente, sin embargo, que una sentencia no puede, por motivos leves, ser dejada sin efecto mediante un ataque colateral, aun en hábeas corpus. Al ser atacada colateralmente, la sentencia de un tribunal lleva consigo la presunción de regularidad. Cuando un acusado sin estar asistido de letrado se somete a un juicio que resulta en su convicción y luego solicita que se le excarcele a virtud del remedio extraordinario de hábeas corpus, el peso de la prueba recae sobre él para que establezca que no renunció competente e inteligentemente su derecho constitucional a estar asistido por letrado. Si en la vista del hábeas corpus presenta esta prueba y convence al tribunal por preponderancia de la misma de que no tuvo letrado ni renunció en debida forma su derecho constitucional a estar asistido por éste, es el deber del tribunal expedir el auto.

"En este caso el peticionario fué convicto sin estar asistido de letrado. En la creencia de que no procedía el hábeas corpus, la corte de distrito no hizo conclusiones respecto a una renuncia por parte del peticionario.. Estando los autos así, creemos necesario devolver el caso. Si—al ser devueltos—la corte de distrito concluye de toda la evidencia presentádale que, el peticionario ha probado su caso y que no renunció competente e inteligentemente su derecho a estar asistido por letrado, entonces deberá resolver que la corte sentenciadora no tuvo jurisdicción para proceder a dictar sentencia ni para condenar al peticionario, y en su consecuencia éste tendrá derecho a que su petición sea declarada con lugar. Si el peticionario deja de probar este extremo, no tendrá derecho a la expedición del auto.

"Debe revocarse el caso y devolverse el mismo a la corte de distrito para que actúe en consonancia con esta opinión.

"Revocado."

No estamos muy seguros de que la manifestación del acusado no equivalió a una renuncia, mas de conformidad con la opinión antes citada dejaremos que la corte de distrito resuelva esta cuestión, y de tener ella serias dudas, que proceda a leerle nuevamente la acusación al acusado.

*Debe revocarse la sentencia y devolverse el caso a la Corte de Distrito de Ponce para ulteriores procedimientos no inconsistentes con esta opinión.*