EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AUGUSTO MERCADO, conocido por AUGUSTO MORALES MERCADO, acusado y apelante.

Núm. 7694.—*Sometido:* Mayo 29, 1939. *Resuelto:* Mayo 31, 1939.

*Augusto Mercado,* por su propio derecho; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El seis de octubre de 1938 el Fiscal del Distrito de Ponce formuló acusación contra Augusto Mercado conocido por Augusto Morales Mercado imputándole la comisión de un delito subsiguiente de escalamiento en primer grado.

Con respecto a la lectura de la acusación, todo lo que consta en autos transcrito del Libro de Minutas, es lo que sigue:

"ALEGACIÓN DEL ACUSADO.—Llamados estos casos señalados para hoy, para la lectura de las acusaciones, comparecieron los acusados personalmente, sin representación profesional. Leídas las acusacio-

nes, los acusados hicieron alegación de inocentes y solicitaron juicio por jurado. La Corte ordena se les entregue copias de las acusaciones, quedando dichos casos pendientes de señalamiento para juicio en su oportunidad. La Corte ratifica las fianzas impuestas por el Fiscal.''

Celebrada la vista ante un jurado en febrero 3, 1939, se rindió el siguiente veredicto:

''Nosotros los Señores del Jurado, declaramos al acusado Augusto Mercado, conocido por Augusto Morales Mercado, culpable del delito que se le imputa, y declaramos que la imputación de haber sido convicto es verdad.—Ponce, P. R., 3 de febrero de 1939. (fdo.) Jaime Blaymayer, Presidente del Jurado.''

Presentó el convicto una moción de nuevo juicio. Entre los motivos que se aducen para solicitarlo figura el de la falta de abogado.

La córte resolvió la moción y dictó sentencia, así:

''Llamado este caso para el acto de discutir la moción de nuevo juicio que radicara el acusado, compareció el Pueblo, representado por su Fiscal, Hon. P. Rodríguez Serra, y compareció el acusado personalmente, sin representación profesional. Se le dió lectura a dicha moción y empezada a discutirse, intervino el Lcdo. M. Bahamonde como 'amicus curiae'. El Lcdo. Bahamonde objetó el veredicto del jurado en cuanto se refiere a la frase 'y declaramos que la imputación de haber sido convicto es verdad', por no contener la palabra 'anteriormente', lo que reduce el veredicto a declarar al acusado culpable únicamente del delito de escalamiento en primer grado. La Corte, discutida la cuestión, declara sin lugar la moción solicitando nuevo juicio, y declara con lugar la objeción hecha al veredicto y tiene por reducido dicho veredicto al delito de Escalamiento en Primer Grado, únicamente. Preguntado el acusado si tenía alguna objeción que hacer para que no se le dictara sentencia en el día de hoy, el acusado manifestó no tener objeción que hacer a que se le dictara sentencia, y no existiendo a juicio de la corte razón legal alguna que impida el pronunciamiento de la sentencia, la Corte condenó a dicho acusado Augusto Mercado, conocido por Augusto Morales Mercado, a sufrir cinco años de presidio, con trabajos forzados y sin costas por ser insolvente.''

Acto seguido manifestó el acusado su no conformidad con la sentencia dictada y apeló para ante este tribunal. En mayo primero radicó un alegato manuscrito que remitió por conducto del Alcaide de la Cárcel del Distrito de Ponce donde se encuentra recluído con motivo de esta causa por no haber prestado la fianza que se le fijara, y al día siguiente se señaló la vista del recurso para mayo veinte y nueve. Sólo compareció el fiscal.

. En su alegato el apelante insiste en que fué juzgado y condenado sin que se le reconociera su derecho constitucional a estar asistido de abogado, derecho que nunca renunció. El fiscal en el acto de la vista llamó la atención hacia las diferentes veces que el acusado se defendió por sí mismo demostrando al parecer inteligencia y conocimientos, a los efectos de que el tribunal apreciara si se trataba o no de un caso en el que la asistencia de abogado podría considerarse renunciada de modo implícito pero consciente. Para el caso de que el tribunal decidiera la cuestión en la negativa, mostró su conformidad con la revocación de la sentencia.

 La ley es clara. La Declaración de Derechos de nuestra Carta Orgánica contenida en su artículo segundo, dedica siete de sus ocho primeros párrafos a consagrar los derechos de los ciudadanos en relación con la privación de su vida o libertad, como sigue:

"Artículo 2.—No se pondrá en vigor en Puerto Rico ninguna ley que privare a una persona de la vida, libertad o propiedad sin el debido procedimiento de ley, o que negare a una persona de dicha isla la protección igual de las leyes.

"En todos los procesos criminales el acusado gozará del derecho de tener para su defensa la ayuda de abogado; de ser informado de la naturaleza y causa de la acusación; de obtener copia de la misma; de tener un juicio rápido y público; de carearse con los testigos de cargo, y de usar de medios compulsorios para conseguir testigos a su favor.

"Ninguna persona será considerada responsable de un delito sin el debido procedimiento de ley; y ninguna persona será puesta dos

veces en riesgo de ser castigada por el mismo delito, ni será obligada en ninguna causa criminal a ser testigo contra sí misma.

"Toda persona podrá, antes de ser convicta, prestar fianza con suficiente garantía, excepto por crímenes capitales cuando la prueba sea evidente o la presunción grande.

"Ninguna persona será encarcelada por deudas.

"No se suspenderá el privilegio del auto de hábeas corpus, a menos que, en caso de rebelión, insurrección o invasión, lo requiera la seguridad pública, pudiendo en cualquiera de esos casos ser suspendido ese privilegio por el Presidente o por el Gobernador, siempre que durante dicho período exista la necesidad de tal suspensión.

"No se aprobará ninguna ley 'ex post facto' ni ningún proyecto de ley para condenar sin formación de juicio."

Y luego el Código de Enjuiciamiento Criminal por su artículo 141, ordena:

"Si compareciere el acusado a responder a la acusación sin abogado, deberá el tribunal hacerle presente su derecho a tener abogado defensor antes de leerse el acta de acusación y preguntarle si desea la asistencia de letrado. Si contestare afirmativamente, y no estuviere en posición de emplearlo, el tribunal deberá nombrarle abogado defensor, de oficio."

La ley especial de marzo 9, 1905, pág. 210, sobre nombramiento de defensor en causas criminales hace compulsorio el nombramiento en procesos "por un cargo que envuelva pena capital o reclusión perpetua", si resultare que no lo tiene y su pobreza no le permitiere emplearlo, quedando a la discreción del tribunal la designación en los demás casos.

De suerte que es imperativo que el tribunal actúe en alguna forma, haciendo presente a cada acusado que ante él comparezca sin letrado, su derecho a tenerlo. Para ejercitar su discreción debidamente necesita penetrarse bien de las circunstancias concurrentes. Y aun para aceptar la renuncia, debe quedar convencido de que el acusado ha procedido inteligentemente, esto es, de una manera consciente, hallándose en condiciones de defenderse.

En cuanto a la jurisprudencia, es abundante. La reciente decisión del Tribunal Supremo nacional en el caso de *Johnson* v. *Zerbst,* 304 U. S. 458, revivió la trascendencia del derecho dándole plena efectividad, y las subsiguientes de esta corte inspirada en ella—*Ex parte Hernández Laureano,* ante, pág. 416; *El Pueblo* v. *Rosario Matta* y *El Pueblo* v. *Rodríguez Cordero,* decididos, respectivamente, el 27 y 28 de marzo pasado (*per curiam*) y *Santiago* v. *Corte de Distrito de San Juan,* ante, pág. 607—no dejan lugar a dudas con respecto a la existencia y extensión del derecho cuyo ejercicio puso el legislador no sólo en manos de los propios acusados si que bajo la salvaguardia de las propias cortes de justicia.

En este caso la omisión es evidente. No sólo no se le advirtió de su derecho al acusado al leérsele la acusación, si que después se le dejó ir a juicio en un delito de calificación complicada sin asistencia de letrado.

No obstante su brevedad—cinco páginas—la propia transcripción revela la importancia de la intervención del abogado. En la moción de nuevo juicio no se impugnó el veredicto. Fué un abogado que en la corte se hallaba en el momento de discutirse y que intervino voluntariamente, el que lo hizo. Y obtuvo éxito.

No estamos considerando la justicia substancial de la sentencia. Quizá aunque hubiera estado asistido el acusado del abogado más competente que pudiera imaginarse, ninguna otra que la pronunciada hubiera podido dictarse. De lo que aquí se trata es de algo previo al juicio, del reconocimiento de un derecho substancial que forma parte esencial de éstas nuestras instituciones que dando al poder público toda la fuerza y eficacia que son necesarias para el mantenimiento del orden y la administración de la justicia, reconocen de igual modo el derecho del individuo y lo rodean de todas las garantías que se requieran para hacerlo efectivo, de manera que cuando el más desvalido de los ciudadanos, al surgir un conflicto, se vea obligado a enfrentarse con el más poderoso o con la más fuerte organización social o gubernamental, se dé

el espectáculo magnífico de una lucha sin ventajas, de un proceso claro, abierto, imparcial.

No es que no deba perseguirse, ni pueda castigarse al delincuente. Es que ese poder y ese deber deben ejercitarse y cumplirse conforme a normas preestablecidas que rigen lo mismo para el gobierno que para el ciudadano. Y aquí la norma no fué cumplida. Y fué invocada. Y debió reconocerse.

*En tal virtud, declarando el recurso con lugar, procede la revocación de la sentencia apelada y la concesión del nuevo juicio que solicitó el acusado.*