EX PARTE JUAN OROPESA ROLÓN, peticionario.

Núm. 117.—*Sometido:* Julio 11, 1939. *Resuelto:* Julio 14, 1939.

*Víctor Rivera Colón,* abogado del peticionario; *R. A. Gómez. Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Juan Oropesa Rolón, por conducto de su abogado, presentó en esta corte una solicitud de hábeas corpus. Expedido el auto, compareció el Jefe Interino de la Penitenciaría Insular Félix Rodulfo Rivera con el cuerpo del peticionario y entregó su diligenciado del auto del cual resulta que Juan Oropesa Rolón se encuentra bajo su custodia a virtud de dos sentencias dictadas por la Corte de Distrito de Arecibo, la primera por asesinato imponiéndole once años de presidio y la segunda por atentado a la vida condenándolo a un año y seis meses de presidio, hallándose al presente cumpliendo la primera.

El motivo fundamental de la excarcelación solicitada es el de haberse dictado dichas sentencias por la confesión del acusado sin que tuviera ni la corte le proporcionara en verdad el auxilio de un abogado, hecho que quedó comprobado por la prueba practicada ante este tribunal. Presente el fiscal, se allanó a la solicitud.

■■ A partir de la decisión de esta corte en *Ex parte Hernández Laureano,* 54 D.P.R. 416, por la cual dentro de un procedimiento de hábeas corpus se decretó la libertad del peticionario por habérsele condenado sin estar representado por abogado y sin que renunciara inteligentemente a su derecho constitucional a estarlo, han sido muchos los casos iniciados no sólo ante la corte en pleno si que ante los jueces individualmente, habiéndose resuelto casi en su totalidad en favor de los peticionarios.

La situación que se ha puesto de relieve es seria. Parece que las cortes se han olvidado poco a poco del pleno cumplimiento de sus deberes ante el aparente abandono de los propios acusados que en ellas comparecían y confesábanse autores de los delitos que se les imputaban.

Prueba plena es la confesión y a virtud de ella pueden dictarse en la mayoría de los casos sentencias en verdad

correctas, más para que la confesión se haga a conciencia y para que la ley se aplique en su propio espíritu y en su extensión debida, es necesario que el acusado reciba antes el auxilio de un abogado, que es el experto capaz de penetrar en la entraña de los hechos y de las circunstancias concurrentes a la luz de la ley y la jurisprudencia, a los fines de aconsejarlo de una manera acertada.

No hay duda alguna que el trabajo que pesa sobre las cortes es grande y que las obligaciones de los abogados son muchas, pero ello no puede admitirse como causa justa para desviarse del cumplimiento de la ley en un extremo de tanta trascendencia para la causa del respeto a la personalidad humana que es básica en la práctica de las instituciones de un pueblo libre.

Si las cortes de justicia proceden con la calma, persistencia, organización y devoción apropiadas, llevando un registro de abogados y de turnos para la defensa de acusados pobres, aquello que parece complicado y acaso imposible, se tornaría en simple y relativamente fácil. Y si los abogados en ejercicio cooperan noble y decididamente, el problema quedaría resuelto.

Quizá sea conveniente recordar que pocas oportunidades pueden presentarse a los abogados jóvenes competentes y conscientes, trabajadores, tan propias para triunfar dando a conocer sus facultades, la extensión de sus conocimientos, su talento y su lealtad, como la de hacerse cargo de la defensa no ya en lo criminal si que también en lo civil de aquellas personas desvalidas, carentes de medios de fortuna, ignorantes de sus derechos, que se ven envueltas en procesos y pleitos en las cortes de justicia a virtud de sus propios actos o de los actos de los demás o de complejas situaciones en que la responsabilidad se encuentra dividida.

No sólo encontrarán en ello el medio de fijar en la práctica sus conocimientos teóricos si que el de acercarse al corazón humano en sus momentos de pasión, observando sus acciones y reacciones y adquiriendo aquel conocimiento di-

recto de su naturaleza que tan útil habrá de serles luego para entender y esclarecer los conflictos entre los hombres cuya solución se encomiende a su sabiduría.

Volviendo a los hechos concretos del caso, diremos que estudiados a la luz de la ley y de las repetidas recientes resoluciones de esta corte, se impone el decreto de la libertad del peticionario sin perjuicio de cualquier resolución que dentro de la ley pueda adoptar el fiscal a los fines de que los delitos que se le imputan, si es que realmente fueron cometidos y es de ellos responsable, no queden sin castigo.

El Juez Asociado Sr. Wolf está conforme con el resultado.*

El Juez Asociado Sr. Travieso no intervino.