Ex parte Jesús Casellas Torres, peticionario y apelante. Ex parte Aníbal Arzuaga Casellas y Jesús Casellas Torres, peticionarios y apelantes. Ex parte Aníbal Arzuaga Casellas, peticionario y apelante.

Núms. 8228, 8229 y 8230.—*Sometidos:* Febrero 21, 1941. *Resueltos:* Febrero 24, 1941.

*Villamil & Santana Becerra,* abogados de los peticionarios; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* por El Pueblo de Puerto Rico.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Por convenio de las partes, al igual que en la corte inferior, estos tres recursos fueron vistos conjuntamente y, por tanto, la única cuestión legal planteada en ellos será resuelta en esta opinión.

Los apelantes, Aníbal Arzuaga Casellas y Jesús Casellas Torres, fueron acusados en la Corte Municipal de San Juan de un delito de acometimiento grave, cometido conjuntamente con otros acusados, y además, cada uno de ellos fué acusado, separadamente, de un delito de portar armas prohibidas. Señalados los casos para juicio, comparecieron los aquí apelantes ante la corte municipal y, sin estar representados por abogado al leérseles las acusaciones, hicieron alegación de culpabilidad; mientras que los otros coacusados, representados por el Lic. Carlos Santana Becerra, alegaron ser inocentes. Se procedió por la corte a ver los casos en cuanto a los coacusados, y después de haber desfilado la prueba, fueron todos los acusados declarados culpables, sentenciándose a los aquí apelantes a cumplir seis meses de cárcel, mientras que a los coacusados se les condenó a cumplir dos años de cárcel, en cada caso.

Los apelantes radicaron tres recursos de hábeas corpus en la Corte de Distrito de San Juan alegando, en síntesis, que

estaban privados de su libertad ilegalmente por ser las refe-
das sentencias nulas por haber actuado la corte municipal
sin jurisdicción al no advertir a los acusados del derecho que
les asistía a tener un abogado que los representara, ni haber
ellos, de una manera inteligente, renunciado dicho derecho,
infringiéndose así preceptos fundamentales de la Constitu-
ción de los Estados Unidos (Enmiendas V y VI), de la Carta
Orgánica de Puerto Rico (Art. 2, párr. 2) y el artículo 141
del Código de Enjuiciamiento Criminal. Expedidos los au-
tos correspondientes, celebrada la vista y practicada la
prueba, la corte inferior dictó sentencias declarando sin lu-
gar las peticiones, habiendo los peticionarios entablado los
presentes recursos de apelación.

El único error alegado por los apelantes dice así:

"La corte inferior erró al desestimar las peticiones de hábeas
corpus por el fundamento de que los peticionarios hicieron una
renuncia libre, voluntaria, inteligente y competente de su derecho a
estar asistidos por abogado al tiempo en que se confesaron culpables."

El juez sentenciador, al analizar la prueba presentada
hace constar en su opinión lo siguiente:

"La evidencia en este caso demuestra que los peticionarios, libre
y voluntariamente, se declararon culpables del delito que se les impu-
taba, consistente en que allá para el 8 de junio de 1937 los mismos,
en unión de Raimundo Díaz, Santiago Nieves, Julio Monge Hernández,
Dionisio Vélez Avilés, y Juan Bautista Colón, en la municipalidad
de San Juan, y con la intención de inferir grave daño personal, aco-
metieron con revólveres y pistolas al ser humano Hon. Roberto A.
Cooper, Juez de la Corte Federal; que habían estado asistidos de
su primo el Lic. Villamil, *no solamente en este proceso*, sino también
en otro seguido contra los aquí peticionarios ante la Corte Federal
para los mismos días en que se dictó la sentencia objeto de este recurso,
habiéndose también declarado culpables los peticionarios del delito a
virtud del cual se les perseguía en dicha Corte Federal; *que el Lic.
Villamil habló con el Juez de la Corte Municipal de San Juan, Sec-
ción Tercera, Hon. Rafael González, informándole su deseo de declarar
culpables a los aquí peticionarios, y solicitó de dicho Juez clemencia
para los mismos;* que los otros coacusados alegaron ser inocentes del

delito imputádoles, se les celebró juicio, fueron defendidos por el Lic. Santana Becerra ahora abogado de los peticionarios, y sentenciados a sufrir la pena de dos años de cárcel cada uno; que el Hon. Juez González, no obstante la confesión de culpabilidad de los acusados, no los sentenció hasta después de haber oído la prueba en cuanto a los demás coacusados.'' (Itálicas nuestras.)

Y, más adelante se expresó así:

''En ninguno de los casos resueltos por nuestro Tribunal Supremo y aquí citados eran los hechos iguales a los del presente caso, *en el que los peticionarios tuvieron asistencia de abogado.''* (Itálicas nuestras.)

Concretando, aún más, su criterio, al finalizar la opinión dice:

''Estando, como estamos, convencidos de que los peticionarios libre, voluntaria, inteligente y competentemente renunciaron su derecho a estar asistidos por abogado al hacer su confesión de culpabilidad, así como de que antes de hacer la misma estaban asistidos y aconsejados por el primo de los mismos Lic. Angel M. Villamil, quien también los representa en la presente acción, procede que declaremos sin lugar la petición de hábeas corpus...''

La conclusión a que llegó el juez sentenciador está ampliamente sostenida por la prueba practicada ante él. Demuestra la transcripción de la evidencia que el Lic. Ángel M. Villamil es primo de los apelantes y que era su abogado en un proceso que, por el delito de conspiración, relacionado con los mismos hechos que dieron base a las acusaciones en la corte municipal, se siguió contra ellos y los otros coacusados en la Corte Federal y en el cual los aquí apelantes también hicieron alegación de culpabilidad; que el Lic. Villamil, actuando como abogado de los apelantes conferenció varias veces con el juez en la corte municipal, Lic. Rafael González, en relación con la ayuda que habían prestado los dos acusados en la tramitación e investigación del caso y le dijo que los acusados se iban a declarar culpables y que la corte debía ser benigna en la imposición de la pena pues ''estos acusados Aníbal Arzuaga y Jesús Casellas habían cooperado con el Gobierno Federal en el esclarecimiento del atentado''

(T. de E. págs. 36 y 37) ; que la corte tomando en consideración eso les impuso una pena más benigna (T. de E. pág. 40) ; que los apelantes sabían, por conducto de sus familiares, que el Lic. Villamil los estaba representando ante la corte municipal y aunque él no compareció a la corte el día del juicio, los acusados se declararon culpables, voluntariamente y sin coacción de clase alguna, y teniendo en cuenta que al hacerlo la corte sería más benigna en la imposición de la pena, como efectivamente lo fué. El propio abogado de los apelantes, Lic. Santana, al declarar como testigo en la corte inferior se expresó, en parte así:

"Yo puedo asegurar a la corte que tanto en la Corte Federal como en este caso de la corte municipal, el compañero Villamil intervino hasta cierto punto en representación de estos dos peticionarios. Yo no tengo la más absoluta duda de que el compañero Villamil pudiera tener conferencias con el Juez González sobre el particular. De eso no tengo la menor duda." (T. de E. pág. 48).

Se demostró también ante la corte inferior que el acusado Aníbal Arzuaga Casellas tenía 19 años de edad y estaba cursando su segundo año de Artes Liberales o sea segundo año de preparatoria de derecho, y que el otro acusado tenía 25 años de edad y era graduado de octavo grado.

Repetidamente ha resuelto este tribunal, desde que la Corte Suprema de los Estados Unidos resolvió el caso *Johnson* v. *Zerbst,* 304 U. S. 458, 82 L. ed. 1461, que: "cuando no se instruye a un acusado que comparece ante la corte *a quo* sin abogado en cuanto a su derecho constitucional a estar representado por letrado, se deja de proveerle defensa *y nada indica que él renunciara a ese derecho competente e inteligentemente,* dicha corte deja de tener jurisdicción para seguir el proceso hasta convicción y sentencia." *Ex Parte Rodríguez Reyes,* 55 D.P.R. 415. (Itálicas nuestras.)

Somos de opinión que, bajo los hechos especiales que concurrieron en los casos de autos, los apelantes estuvieron

representados por su abogado Lic. Ángel Villamil desde que se iniciaron los procesos contra ellos, tanto en la Corte Federal como en la corte municipal; que actuando como tal abogado de los acusados el Lic. Villamil después de haberlos declarado culpables ante la Corte Federal conferenció varias veces con el Juez González y le expresó el deseo de los acusados de declararse culpables e hizo gestiones para obtener una sentencia benigna, tomando en consideración la cooperación que habían prestado los acusados en el esclarecimiento del atentado contra el Juez Cooper. Con estos hechos previos como base, ¿puede sostenerse, como desean los apelantes, que ellos no renunciaron competente e inteligentemente al derecho de estar representados por abogado al momento de declararse culpables? Somos de opinión que no. Por el conocimiento que tenía el Juez González por mediación del Lic. Villamil, actuando como abogado de los acusados, que ellos se iban a declarar culpables, al igual que lo hicieron en la Corte Federal, quedó relevado de preguntarles si ellos tenían abogado defensor ni de informarles de su derecho a que la corte les nombrara uno. El Juez González tenía motivos para creer que la actuación de los acusados era el resultado del consejo del Lic. Villamil y al sentenciarlos a una pena más benigna, seis meses de cárcel, en comparación a la de dos años de cárcel impuesta a los demás coacusados, ellos obtuvieron el objetivo que su actuación voluntaria buscaba.

Consideramos que los apelantes no presentaron ante la corte inferior la preponderancia de la prueba que se indica en el caso de *Johnson* v. *Zerbst,* supra, como necesaria para demostrar que no renunciaron competente e inteligentemente a su derecho constitucional a estar representados por abogado en el momento de declararse culpables y destruir así la eficacia de las sentencias impuestas. Hemos leído los casos citados por el abogado de los apelantes en su alegato y, en conjunto, estamos conformes con la doctrina en ellos expuesta, pues es la misma que este Tribunal ha seguido en

los casos de *Ex parte Hernández Laureano,* 54 D.P.R. 416; *Santiago* v. *Corte,* 54 D.P.R. 607; *Pueblo* v. *Rivera,* 54 D.P.R. 611; *Pueblo* v. *Mercado,* 54 D.P.R. 903; *Ex parte ▪ Oropesa Rolón,* 55 D.P.R. 281; *Ex parte Rodríguez Reyes,* 55 D.P.R. 415; *Ex parte Resto Miranda,* 55 D.P.R. 725; *Pueblo* v. *Muriel,* 57 D.P.R. 914 y *Dijols* v. *Lugo,* ante, pág. 5. Pero, cada caso debe juzgarse y resolverse de acuerdo con sus peculiares hechos y circunstancias, y los que concurrieron en los casos de autos nos llevan a la misma conclusión a que llegó el juez de la corte sentenciadora, sin que ello implique, en forma alguna, que hemos variado en nada la doctrina establecida en los casos antes citados.

*No habiéndose cometido el único error imputado, procede, por lo expuesto, desestimar los recursos y confirmar las sentencias apeladas.*