SANTIAGO JIMÉNEZ RAMOS, peticionario, *v.* CORTE DE DISTRITO DE HUMACAO, HON. LUIS JANER, JUEZ, demandada.

Núm. 78.  *Resuelto:* Junio 24, 1941.

*R. Arjona Siaca,* abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El peticionario solicita reconsideremos nuestra resolución de junio 20, 1941 por la que declaramos no haber lugar a expedir el auto inhibitorio solicitado por él en esa misma fecha, con el fin de impedir que la Corte de Distrito de Humacao por su Juez Hon. Luis Janer, le obligara a comparecer el día 23 de junio de 1941, a oír la lectura de una acusación por el delito de homicidio voluntario radicada en su contra en dicha corte. El motivo único alegado por el peticionario para solicitar dicho auto, es que él *personalmente* había suscrito y radicado en la corte inferior un escrito en el que hacía constar que daba por leída la acusación, pues tenía copia de la misma y la conocía, y hacía alegación de no culpable y solicitaba juicio por jurado. Al mismo tiempo hacía constar sus circunstancias personales. Como decimos antes, este escrito está firmado por el acusado personalmente sin representación legal alguna.

En la petición solicitando la expedición del auto inhibitorio se dice que el obligar al acusado a comparecer a la lectura de la acusación, cuando ya él ha renunciado a ese de-

recho, constituye "una comparecencia manifiestamente innecesaria, *mortificante* y a todas luces inútil" y si no concurre "para evitarse el castigo de una *mortificación innecesaria*" será castigado por desacato a dicho tribunal.

Aun cuando no estamos obligados a explicar los motivos para la no expedición de un auto extraordinario de esta naturaleza, podemos decir que si la petición se resolvió sin emitir opinión, lo fué por la tardanza del peticionario en presentar su petición esperando hasta tres días antes de la fecha señalada para la comparencia del acusado ante la corte inferior y cuando de esos tres días había uno y medio feriados. Para tener algún efecto nuestra resolución tenía que dictarse inmediatamente. Se alega en la moción de reconsideración que la vista ante la corte inferior ha sido pospuesta hasta el 30 de junio de 1941.

Ahora bien, aun cuando es cierto que la jurisprudencia citada por el peticionario sostiene que el acto de la lectura de acusación "arraignment", tanto en casos graves "felonies", como en los menos graves "misdemeanors", puede ser renunciado por el acusado, y esa es la tendencia moderna en muchas jurisdicciones—véase 22 C. J. S. 626, Sec. 408—somos de opinión que la forma en que lo hizo el peticionario en este caso o sea por medio de moción suscrita personalmente por él, no constituye una renuncia que pueda en todo momento hacerse valer en su contra, ya que el artículo 141 del Código de Enjuiciamiento Criminal y la jurisprudencia establecida por este Tribunal Supremo en los casos de *Ex parte Hernández Laureano,* 54 D.P.R. 416; *Pueblo* v. *Rivera,* 54 D.P.R. 611; *Pueblo* v. *Mercado,* 54 D.P.R. 903; *Ex parte Oropesa Rolón,* 55 D.P.R. 281; *Ex parte Rodríguez Reyes,* 55 D.P.R. 415; *Ex parte Resto Miranda,* 55 D.P.R. 725, y *Pueblo* v. *Muriel,* 57 D.P.R. 914, exigen que "al comparecer un acusado a responder a la acusación sin abogado, *deberá* el tribunal hacerle presente su derecho a tener abogado defensor *antes de leerse el acta de acusación y pre-*

*guntarle si desea la asistencia de letrado* y si *contestara afir-mativamente* y no estuviere en posición de emplearlo, el tri-bunal *deberá* nombrarle abogado defensor de oficio.'' Para que la corte inferior pueda cumplir con los deberes que dicho artículo mandatoriamente le señala, el acusado tiene que es-tar presente.

Permitir que un acusado, personalmente y sin represen-tación profesional, radique una alegación por escrito sería violar este precepto legal y exponer a los tribunales a las actuaciones inconsultas y a veces poco escrupulosas de algu-nos acusados que podrían en el futuro, debidamente repre-sentados por un letrado hábil, impugnar sus propias actua-ciones alegando su desconocimiento de la ley. No pueden, en forma alguna, considerarse únicamente los derechos que pue-dan tener los acusados, sino que también hay que salvaguar-dar los de El Pueblo de Puerto Rico y el obligar a un acu-sado a cumplir con la ley no es mortificante e innecesario. El artículo 141 supra, es mandatorio y no directivo y debe ser cumplido estrictamente. No resolvemos qué requisitos deben llenarse para que una renuncia del ''arraignment'' sea válida aun estando el acusado presente y representado por abogado.

Además, no procede el auto en este caso, de acuerdo con lo resuelto en el de *Fortuna Estates* v. *Texidor,* 26 D.P.R. 266, en el que, después de citarse de 22 Cyc. 598 y 599, se dijo lo siguiente:

''De acuerdo, pues, con el espíritu de la jurisprudencia y con el origen e historia de la ley, al interpretarse el estatuto portorriqueño en la parte que dice que procede el auto *'cuando al ejercer funciones de su competencia el tribunal inferior anulare un derecho legal,'* tal derecho legal debe ser de verdadera importancia y su anulación manifiesta. De otro modo como en cualquiera resolución incidental errónea dictada en cualquier pleito va envuelta la anulación de un derecho legal, podría recurrirse al auto inhibitorio en todos dichos casos, con lo cual en vez de promoverse se obstaculizaría la buena administración de la justicia. A este respecto deseamos consignar

también que según el peso de las autoridades, la expedición del auto inhibitorio, con contadas excepciones, descansa en la sana discreción de la corte. Véase 32 Cyc. 599." (Itálicas nuestras.)

■ También ha resuelto este Tribunal que cuando el peticionario tiene un recurso ordinario, cual es el de apelación, no procede el auto inhibitorio, *Antonetti* v. *Foote,* 16 D.P.R. 591; y tampoco cuando siendo el asunto ·de la competencia del tribunal, se haya seguido un procedimiento equivocado, ·*Ríos* v. *Foote,* 10 D.P.R. 529.

■ Al mismo efecto véase 50 C. J. 676, Sec. 43 y en cuanto a casos criminales a la página 680, Sec. 45, donde se expone la doctrina así:

"Bajo la regla general de que el auto inhibitorio no procede para corregir errores o irregularidades cometidos por una corte inferior que actúa dentro de su jurisdicción, el auto es denegado frecuentemente cuando se solicita para tal fin en procedimientos criminales o cuasi criminales, como por ejemplo bajo la base de que la acusación o denuncia es insuficiente para imputar un delito; que al acusado se le ha puesto anteriormente en *jeopardy;* que al acusado se le denegó un examen preliminar o que se le envió para juicio a otra corte; que la resolución sobre una moción para archivar una acusación es errónea", y otros casos más que se especifican.

Es·más, en el Estado de Indiana donde el estatuto expresamente concede al acusado el derecho a renunciar al acto del "arraignment", se ha resuelto en el caso de *Wood* v. *The State,* 92 Ind. 269, que es un error no perjudicial el que comete la corte al no permitir al acusado renunciar a dicho derecho reconocido por el estatuto.

*Por los motivos expuestos, no ha lugar a la reconsideración solicitada.*