EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ERNESTO GONZÁLEZ RIVERA, acusado y apelante.

*Número:* CR-62-235     *Resuelto:* 26 de abril de 1963

*Luis A. Rivera Lacourt,* abogado designado por el Tribunal Supremo para representar al acusado ante este Tribunal; *Rodolfo Cruz Contreras, Procurador General Interino,* e *Irene Curbelo, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El apelante fue convicto el 25 de agosto de 1928 por un delito de escalamiento en primer grado y sentenciado a cumplir un año de presidio. Treinta y tres años después solicita se anule dicha sentencia. Alega que no tuvo asistencia de abogado en la lectura de la acusación celebrada el 17 de agosto de 1928 y que durante el juicio la asistencia de abogado que se le brindó fue *"pro forma"*.

Al resolver la moción de nulidad de sentencia el juez de instancia se expresó así:

"Durante la vista, y en apoyo de su contención, y como única evidencia, el peticionario ofreció su propio testimonio. El mismo tiende a demostrar que al llamarse el caso para juicio, el Tribunal le nombró un abogado a quien él nunca había visto y quien sin enterarse de los detalles ni de los méritos del caso procedió a hacer alegación de culpabilidad del delito que se le imputaba. En apoyo de la sentencia, El Pueblo ofreció las constancias que surgen del expediente. Un examen del mismo demuestra que el 17 de agosto de 1928, se celebró el acto de la lectura de la acusación y se le entró al acusado una alegación de culpable. En 19 de agosto de 1928, el acusado le escribió una larga carta al juez que presidía la sala manifestándole que tenía la intención de hacer alegación de culpabilidad en la causa que contra él se encontraba pendiente en este Tribunal. El 25 de agosto al llamarse el caso para juicio el Tribunal le nombró como abogado, al Lcdo. Rafael Martínez Nadal quien asistió al acusado al éste hacer alegación de culpable del delito que se le imputaba. En casos como el presente, en que se solicita la nulidad de una sentencia después de más de treinta años de dictada, cuando la muerte ha sellado los labios de todas las otras personas que podrían arrojar luz en el caso, la prueba del peticionario debe dejar el ánimo del juzgador convencido de la razón de sus pretenciones [*sic*]. En el presente caso la misma no ha tenido ese efecto en nuestro ánimo por lo que tomando en consideración las constancias del expediente, así como la presunción legal de que el tribunal cumplió con la ley, se declara sin lugar la moción sobre nulidad de sentencia."

En *Pueblo* v. *Montaner*, 61 D.P.R. 120 (1942), nos expresamos así:

"En lo que al acto de la lectura de acusación respecta, todo lo que aparece de los autos es lo siguiente:

'El acusado Antonio Montaner, en el acto de la lectura de acusación llevada a cabo el día 29 de julio de 1937, en la sesión de dicho día, hizo alegación de inocente y solicitó juicio por jurado'.

"De lo que resulta de los autos no puede concluirse necesariamente que en el acto de la lectura de acusación el acusado no hubiese estado representado por o no hubiera renunciado inteligentemente a la asistencia de abogado. Pudo haber ocurrido una u otra cosa y ese hecho no aparecer del récord. Tratándose de una corte de jurisdicción general, como lo es la inferior, la ley presume que ha actuado con jurisdicción y que sus procedimientos han sido conducidos con regularidad. . . .

"Además en *Johnson* v. *Zerbst* . . . se sostuvo que si bien es la mejor práctica y lo más conveniente que del récord de la corte aparezca afirmativamente que al acusado fue ofrecida asistencia de abogado y la rehusó inteligentemente o la aceptó, según fuere el caso, sin embargo tal constancia en los autos no es indispensable para la validez de la sentencia."

Véase además: *Ex Parte Casellas*, 58 D.P.R. 105 (1941); *Johnson* v. *Zerbst*, 304 U.S. 458 (1937).

Ciertamente las circunstancias presentes en el caso de autos no justifican dejar sin efecto una sentencia dictada hace más de tres décadas.

*Procede la confirmación de la sentencia apelada.*