RAMONA VIERA, querellante y apelada, *v.* CORTE MUNICIPAL DE SAN JUAN, P. R., SECCIÓN SEGUNDA, hoy SALA TERCERA, HON. FRANCISCO M. MONSERRATE, JUEZ, querellada y apelada; JUAN FALÚ ZARZUELA, interventor y apelante.

Núm. 9265.—*Sometido:* Marzo 21, 1946. *Resuelto:* Mayo 3, 1946.

*E. Ortiz Reyes,* abogado del interventor apelante, demandado en el pleito principal; *F. Colón Gordiany,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

Cuando la demandante en un caso de desahucio por falta de pago del canon de arrendamiento se disponía a ejecutar la sentencia que a su favor dictara la corte municipal, el demandado, sin notificar a la demandante, consignó en corte el importe de los cánones adeudados, más $15 para cubrir las costas y honorarios de abogado de la demandante, y solicitó de la corte dejara sin efecto la sentencia, fundando su solicitud en el artículo 628 del Código de Enjuiciamiento Civil, según enmendado, que en lo pertinente lee así:

"Artículo 628.—Cuando la demanda se funde en falta de pago del canon o precio convenido en un contrato, no se admitirá al demandado otra prueba que la del recibo o cualquier otro documento en que conste haberse verificado el pago; *Disponiéndose,* que si el demandado, en cualquier estado del procedimiento, hiciere efectivos los cánones adeudados con las costas y honorarios de abogado que fije

el tribunal, éste dictará resolución dejando sin efecto el procedimiento o la sentencia dictada.''

La corte municipal, sin oír a la demandante, dejó sin efecto la sentencia. La demandante solicitó la reconsideración por entender que era tardía la consignación, por no habérsele notificado, por montar las costas a $6.25 y haberlas estimado el demandado en $5, y porque el demandado no canceló los sellos de rentas internas correspondientes a su moción de consignación, que constituía su primera comparecencia. Se opuso el demandado, y celebrada la vista, ratificó la corte municipal su resolución anterior, concediendo permiso al demandado para cancelar entonces los sellos de rentas internas correspondientes a su comparecencia, atendiendo aparentemente a la alegación del demandado de que había acompañado los sellos originalmente, pero el secretario de la corte le había informado eran innecesarios.

Recurrió entonces la demandante a la corte de distrito en solicitud de *certiorari*, basada en los mismos fundamentos de su moción de reconsideración ante la corte municipal, y el fundamento adicional de que la corte municipal no había fijado el importe de las costas y honorarios de abogado que debía pagar el demandado, siendo éste un requisito esencial, de acuerdo con el estatuto que hemos copiado, al remedio que invocó y obtuvo el demandado. La corte de distrito anuló la actuación de la corte municipal por este último fundamento, y el demandado apela de la sentencia de la corte de distrito.

■ ■ Estamos conformes con la corte de distrito en que no procede el dejar sin efecto la sentencia de desahucio, en los casos que prescribe el artículo 628 del Código de Enjuiciamiento Civil, hasta tanto no fije la corte el importe de las costas y honorarios que debe satisfacer el demandado. En lo que no estamos conformes con la corte de distrito es en su conclusión de que la corte municipal no fijó el importe de las costas y honorarios. El demandado consignó $5 para costas, y $10 para honorarios. La corte municipal erró enton-

ces al aceptar esas sumas y suspender la sentencia sin oír a la otra parte. Pero posteriormente la otra parte tuvo plena oportunidad de ser oída, en relación con su moción de reconsideración. No impugnó la suficiencia de los $10 consignados para honorarios. Sí impugnó la suficiencia de los $5 consignados para cubrir las costas. La corte municipal, al dictar su resolución ratificando su actuación anterior, luego de haber oído a las partes, necesariamente resolvió que la suma consignada para cubrir las costas y honorarios era suficiente. En esa forma fijó la suma que debía pagar el demandado por esos conceptos, tan efectiva y claramente como si hubiese dictado una orden especial fijando las costas en $5 y los honorarios en $10.

Los otros fundamentos aducidos por la demandante apelada en su solicitud de certiorari ante la corte apelada tampoco son válidos. La moción del demandado consignando los cánones adeudados, las costas y honorarios, y solicitando se dejase sin efecto la sentencia, no fué tardía. Es cierto que la sentencia era ya firme cuando el demandado hizo su consignación, pero el artículo 628 del Código de Enjuiciamiento Civil dispone que el remedio que invocó el demandado puede utilizarse "en cualquier estado del procedimiento", y expresamente faculta a la corte para dejar sin efecto la sentencia dictada. Nos parece evidente, por lo tanto, que el remedio puede invocarse en cualquier momento antes de que se ponga punto final al procedimiento con la ejecución de la sentencia.

El error cometido por la corte municipal al aceptar la consignación hecha por el demandado, y dejar sin efecto la sentencia, sin oír a la otra parte, quedó subsanado al oírse posteriormente a la demandante, en moción de reconsideración, y dictarse una nueva orden ratificando la anterior.

Y por último, la ausencia de sellos de rentas internas en la moción del demandado haciendo la consignación y solicitando se dejara sin efecto la sentencia, quedó subsanada, aparentemente, por la cancelación de los sellos al ratificar la

corte municipal su orden anterior y brindar al demandado la oportunidad de cancelar los sellos. Véase *Cintrón v. Yabucoa Sugar Co.*, 52 D.P.R. 402, y *Salas v. Baquero*, 47 D.P.R. 103. Decimos "aparentemente" porque no surge de los autos si se cancelaron o no los sellos de conformidad con la orden de la corte municipal. Pero debemos asumir que se cancelaron, ya que ni ante la corte de distrito ni ante esta Corte ha sostenido la demandante apelada lo contrario.

*Por los fundamentos expuestos debe revocarse la sentencia apelada y en su lugar dictarse otra anulando el auto de certiorari expedido por la corte apelada.*