FRANCISCO R. ORSINI, demandante y apelante, *v.* JOSÉ SÁNCHEZ PARRA, demandado y apelado.

Núm. 9570.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Diciembre 5, 1947.

864

R. *Arjona Siaca* y A. *Figueroa Rivera,* abogados del apelante; *Guillermo S. Pierluisi,* abogado del apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En octubre 29 de 1945 y ante la Corte de Distrito de San Juan, Francisco R. Orsini radicó demanda de desahucio contra José Sánchez Parra, solicitando el lanzamiento del demandado de cierta parte de una finca en Hato Rey, en la cual están emplazadas ciertas edificaciones destinadas a estación de venta de gasolina, lubricantes y artículos para vehículos de motor, así como para el lavado y engrasado de los mismos. Se alegó en la demanda que la referida estación y el equipo en ella existente fué arrendada por Orsini a Sánchez Parra, por contrato de abril 18 de 1944, en el cual se convino expresamente que el arrendamiento duraría tres años, con opción de prórroga a favor del arrendatario por cuatro años más. La demanda se basó en la falta de pago del canon correspondiente al mes de septiembre de 1945. Fué el pleito a juicio y en febrero 15 de 1946 la Corte de Distrito de San Juan dictó sentencia decretando el desahucio del demandado y condenando a éste al pago de costas y honorarios de abogado. Apeló el demandado para ante este Tribunal y en abril 22 de 1947 dictamos sentencia confirmando la recurrida. Véase *Orsini* v. *Sánchez,* ante, pág. 207.

Remitido el mandato a la corte inferior para el cumplimiento de la sentencia de este Tribunal, en mayo 12 de 1947

compareció el demandado Sánchez Parra y radicó una moción en la que solicitaba se dejara sin efecto dicha sentencia, previo pago de los cánones adeudados más las costas y honorarios de abogado. La moción se basó en las disposiciones de la sección 1ra. de la Ley núm. 268 de 14 de mayo de 1945 (Leyes, 1945, pág. 939), por la cual se enmendó el artículo 628 del Código de Enjuiciamiento Civil de Puerto Rico, quedando redactado en la forma siguiente:

"Art. 628.—Cuando la demanda se funde en falta de pago del canon o precio convenido en un contrato, no se admitirá al demandado otra prueba que la del recibo o cualquier otro documento en que conste haberse verificado el pago; *Disponiéndose,* que si el demandado, en cualquier estado del procedimiento, hiciere efectivos los cánones adeudados con las costas y honorarios de abogado que fije el tribunal, éste dictará resolución dejando sin efecto el procedimiento o la sentencia dictada.

"* * * * * * *"(1)

En mayo 20 de 1947 la Corte de Distrito de San Juan dictó su resolución dejando sin efecto la sentencia de desahucio. Es contra esa resolución que va dirigido el presente recurso.

Alega el apelante que la corte *a quo* erró al dejar sin efecto la sentencia "sin tener en cuenta que la misma se había convertido ya en firme, que la ley sobre que fundó su resolución era posterior a la fecha del contrato cuyo incumplimiento determinó dicha sentencia y que su actuación no sólo despojaba al demandante del derecho con que dicha sentencia le investía sino que le dejaba sin remedio alguno por la violación de una condición esencial de su contrato."

■■ Que el remedio para dejar sin efecto una sentencia de desahucio, concedido por el artículo 628 del Código de Enjuiciamiento Civil, supra, podía ser invocado por el demandado "en cualquier momento antes de que se ponga punto final al procedimiento con la ejecución de la sentencia" fué resuelto por este Tribunal en *Viera* v. *Corte Municipal,* 66

(1)El *disponiéndose* del artículo 628 es idéntico al del 18A de la Ley de Alquileres Razonables, enmendada en 1947, pág. 821.

D.P.R. 31, en el cual se trataba de un procedimiento de desahucio para recobrar la posesión de un local destinado a vivienda.

En *Font* v. *Echeandía,* ante, pág. 244, resolvimos que un edificio o local utilizado para la explotación de un negocio de exhibición de películas cinematográficas al público, mediante paga, está comprendido dentro de las disposiciones del artículo 4 de la Ley núm. 464 (Ley de Alquileres Razonables), aprobada el 25 de abril de 1946 (Leyes de 1946, pág. 1327), que provee que las disposiciones de dicha Ley serán aplicables a edificios y locales para propósitos comerciales e industriales. Aplicando las disposiciones del artículo 12 de la misma Ley, al efecto de que mientras el inquilino pague el alquiler básico o el alquiler razonable fijado por el Administrador, "no podrá el propietario promover la acción de desahucio para recobrar la posesión *de una vivienda, . . . o de una casa o edificación que se use·para negocios,* oficinas profesionales o propósitos comerciales o industriales, aunque haya expirado el término del contrato"; y que "a partir de la fecha de vigencia de esta Ley, quedará en suspenso, hasta la terminación de la emergencia declarada en la misma, todo procedimiento de desahucio que no se ajuste a las causas, condiciones y términos fijados en esta Ley," decretamos la suspensión del recurso de apelación pendiente ante este Tribunal, hasta la terminación de la emergencia. (Bastardillas nuestras.)

En *Latoni* v. *Corte Municipal,* ante, pág. 140, en que se trataba de recobrar la posesión de una casa destinada a vivienda, resolvimos que "estamos satisfechos con que al disponer la Legislatura dentro del contexto de la Ley 464 que no se permitirá ningún recurso de 'desahucio' a menos que concurrieran ciertas circunstancias, quiso decir que prohibía cualquier recurso, ordinario o sumario, *para recobrar la posesión de viviendas"* y que "también, la sección 12 restringe el desahucio de inquilinos de *edificios comerciales* que no

están cubiertos por la Ley Federal.'' (Bastardillas nuestras.)

La ley vigente en la fecha en que se dictó la resolución recurrida era la ya mencionada Ley de Alquileres Razonables, núm. 464, de 25 de abril de 1946, según fué enmendada por la núm. 415 de 14 de mayo de 1947. Dicha Ley fué puesta en vigor, en cuanto a viviendas, por resolución del Consejo Ejecutivo, cuando la Ley Federal expiró el 30 de junio de 1946. En cuanto a locales comerciales la Ley comenzó a regir el 17 de julio de 1946.

La única cuestión que tenemos que considerar y resolver es si las disposiciones de la Ley de Alquileres Razonables, artículo 18A, que autoriza se deje sin efecto el procedimiento o la sentencia dictada cuando el desahucio se basa en falta de pago, son aplicables a un caso como el de autos.

De acuerdo con los términos del contrato de arrendamiento, aparece que Orsini es dueño de una estación de gasolina establecida en una parcela de terreno de su propiedad, con una cabida de 4,528 metros cuadrados, ubicada en Martín Peña. Dicha estación está equipada con los aparatos y máquinas necesarios para lavar y engrasar automóviles y con todos los instrumentos y equipos necesarios para el negocio que habitualmente se hace en esa clase de estaciones, siendo todo el equipo propiedad de Orsini. De acuerdo con el contrato, párrafo tercero, la propiedad dada en arrendamiento es ''la estación de gasolina anteriormente reseñada con los muebles que la misma contiene.'' No se trata, pues, del arrendamiento de un local para vivienda o para establecer en el mismo un negocio o industria perteneciente al arrendatario. Lo que se ha dado en arrendamiento es un negocio ya establecido y perteneciente al arrendador, para ser explotado por el arrendatario por el término y bajo las condiciones estipuladas en el contrato, figurando entre las últimas (1) que en caso de rescindirse el contrato, el arrendador comprará todas las existencias que tuviera el arrendatario por su justo valor; (2) que éste hará todas las reparaciones que

el equipo necesitare; y (3) que el arrendatario no será responsable de ninguna reclamación por concepto de salarios o jornales ni por deudas contraídas por el arrendador con antelación o después del contrato.

La Ley de Alquileres Razonables fué aprobada con el propósito de remediar una situación de emergencia creada por la gran demanda y por la escasez de locales para viviendas y para negocios, como consecuencia del estado de guerra. El "control sobre alquileres", consistente en la fijación por el Administrador de cánones máximos y en la restricción de los desahucios, fué establecido con el propósito de proteger a los inquilinos contra las prácticas injustas de los arrendadores de exigir alquileres excesivos e irrazonables y para evitar que los inquilinos de viviendas o de locales comerciales fuesen lanzados a la calle, sin poder encontrar otro local para establecer su vivienda o para trasladar su comercio, negocio o industria. Las razones que justifican la intervención del poder regulador—*police power*—del Estado, para la restricción de un desahucio, no existen en el presente caso. El arrendatario Sánchez Parra no es dueño del negocio establecido en la estación de gasolina. Todo lo que allí existe y es utilizado para la explotación del negocio—con excepción de las existencias de artículos para la venta—es propiedad del arrendador Orsini. Y ya hemos visto que de acuerdo con los términos del contrato el arrendador está obligado a comprar dichas existencias por su justo valor. El objeto del arrendamiento en este caso es, pues, una estación de gasolina, con las maquinarias y equipo necesarios para su funcionamiento y explotación. Lo que se ha arrendado es un negocio ya establecido y en marcha—*going concern*—que a partir de la fecha del arrendamiento seguirá siendo explotado por el arrendatario en vez de serlo por el dueño. La edificación o "*garage*" es puramente incidental al negocio allí instalado, pues posiblemente el arrendatario no hubiese arrendado dicho garage a no ser por las maquinarias y equipos

allí instalados y por el negocio ya establecido por el arrendador de la estación.

La ejecución de la sentencia de desahucio no habría de causar perjuicio alguno al arrendatario, quien no tendría ante sí el problema de encontrar un nuevo local para su negocio. No creemos que la Legislatura haya tenido la intención de hacer extensivo el remedio de la restricción del desahucio a casos como el de autos. La situación del arrendatario en este caso es similar, si no idéntica, a la de un médico que habiendo arrendado la clientela, la oficina y los instrumentos y equipo de otro médico, pretendiese, después de terminado el contrato, continuar en la posesión y disfrute de las propiedades arrendadas bajo la protección de la Ley de Alquileres Razonables.

*La resolución recurrida es errónea y, por lo tanto, será revocada.*

El Juez Asociado Señor De Jesús no intervino.