Luis Felipe Ortiz, demandante y apelante, *v.* Antonio Cesaní Báez, demandado y apelado.

Núm. 9606.—*Sometido:* Febrero 3, 1948. *Resuelto:* Marzo 15, 1948.

*Federico García Veve,* abogado del apelante; *James R. Beverley, José López Baralt* y *R. Rodríguez Lebrón,* abogados del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Ante el Tribunal del Distrito Judicial de San Juan radicó Luis Felipe Ortiz demanda sobre rescisión de contrato contra Antonio Cesaní Báez. Dadas las cuestiones de derecho surgidas con motivo del escrito radicado por el de-

mandado, creemos imperativo hacer una exposición somera de las alegaciones esenciales de la demanda. Éstas son a saber: que el demandante es dueño de una casa de dos plantas, construída de concreto armado, en Río Piedras, teniendo establecido en la planta baja un negocio de gasolina y como parte de éste, entre otros bienes, un túngar de cargar baterías de mano; un gato grande de garage; un tanque de gasolina; una bombita para extraer aceites; una máquina de montar frenos; una rociadora de engrase; un pino completo; una máquina y manga de lavar automóviles, etc.; que el demandante cedió en arrendamiento al demandado dicha planta baja y todos los bienes ya descritos, según contrato de arrendamiento celebrado por ellos, por el término de cuatro años, a partir del primero de agosto de 1944, por un canon mensual de $200, habiendo el demandado entrado en posesión del local y de los accesorios como tal arrendatario y ocupando éstos al momento de radicarse la demanda; que fué convenido expresamente por las partes que el arrendatario dedicaría el local al negocio de estación de gasolina y a la venta de accesorios de automóviles y sus derivados, así como que el incumplimiento del contrato por cualquiera de ellas daría lugar a su rescisión y al ejercicio de la acción correspondiente; que el demandado ha dejado de satisfacer las mensualidades correspondientes a los meses terminados en noviembre 30 y diciembre 31 de 1946 y que en violación a los términos expresos del contrato el arrendatario ha dedicado parte del local arrendado a la venta de neveras, radios, lavadoras eléctricas y juguetes; que en 4 de enero de 1947 el demandante notificó al demandado por carta certificada que daba por rescindido el arrendamiento por incumplimiento del mismo y requirió a éste para que le desalojara la propiedad dentro del improrrogable término de ocho días; que el demandado a pesar de tal requerimiento continúa disfrutando de dicho local, mientras que el demandante ha cumplido en todas sus partes el contrato de arren-

damiento. Termina la demanda solicitando se declare rescindido por incumplimiento del mismo por parte del demandado el contrato de arrendamiento y se ordene al márshal ponga en posesión del local y de los bienes arrendados al demandante, con costas y honorarios de abogado.

A la anterior demanda el demandado presentó una llamada "moción de consignación y sobre desestimación" en que alega haber ofrecido los cánones de noviembre y diciembre al demandante y que éste se ha negado a aceptarlos, al igual que el abogado del demandante se negó a aceptar dos cheques certificados por $200 cada uno; y que amparándose en las disposiciones de la Ley núm. 268 de 1945 (pág. 939) consignaba la suma de $600 para cubrir los $400 adeudados más el canon del mes de enero de 1947. También insistía en que la demanda no aduce hechos constitutivos de una causa de acción.

Luego de haberse opuesto por escrito el demandante a la moción de consignación y sobre desestimación y después de celebrada la vista correspondiente el tribunal inferior declaró con lugar la moción para desestimar y entendiendo que la demanda no era enmendable dictó sentencia desestimándola, con costas al demandante.

El caso se halla ahora ante nos a virtud de apelación interpuesta por el demandante Luis Felipe Ortiz. En apoyo de su recurso insiste en primer lugar en que el tribunal inferior cometió error al admitir tácitamente la consignación verificada por el demandado al amparo de la Ley núm. 268, supra.

██ En el curso de su resolución y con respecto al escrito de consignación del demandado el tribunal a quo manifestó que "es cierto que el artículo 12(a) de la Ley núm. 464 permite el desahucio del inquilino cuando éste no paga el alquiler en los términos convenidos; pero en este caso, aunque el demandado se atrasó en el pago de los cánones, luego al consignar el importe de todos los vencidos se pro-

tegió contra cualquier acción del demandante tendiente a privarle de la posesión del local que ocupa con su negocio.'' Para casos corrientes de desahucio por falta de pago la anterior manifestación del tribunal inferior es correcta, ya que a tenor de lo provisto por el artículo 628 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley núm. 268 de 14 de mayo de 1945 (pág. 939), cuando la demanda se funda en falta de pago del canon convenido se dejará sin efecto el procedimiento o la sentencia dictada si en cualquier estado del recurso el demandado hace efectivos los cánones adeudados, con las costas y honorarios de abogado que fije el tribunal. En igual sentido se expresa el artículo 18–A de la Ley de Alquileres Razonables (núm. 464 de 1946, pág. 1327) según fué adicionado a ésta por la Ley núm. 415 de 14 de mayo de 1947, pág. 821.

Empero, la realidad es que la moción para desestimar radicada por el demandado admitió, a los fines de la cuestión de derecho por ella planteada, todas las alegaciones esenciales de la demanda y de ésta se colige que lo que se cedió en arrendamiento al demandado no fué escuetamente el local sino principalmente el negocio de gasolina y accesorios de automóviles que el demandado tenía establecido en la planta baja de la casa descrita en la demanda. A los fines de la moción para desestimar, nos parece que el presente caso es idéntico al de *Orsini* v. *Sánchez*, 67 D.P.R. 863 y que ahora podríamos decir en éste *mutatis mutandis* cuando en aquél dijimos al efecto, a saber (pág. 867):

"La única cuestión que tenemos que considerar y resolver es si las disposiciones de la Ley de Alquileres Razonables, artículo 18 A, que autoriza se deje sin efecto el procedimiento o la sentencia dictada cuando el desahucio se basa en falta de pago, son aplicables a un caso como el de autos.

"De acuerdo con los términos del contrato de arrendamiento, aparece que Orsini es dueño de una estación de gasolina establecida en una parcela de terreno de su propiedad, con una cabida de 4,528 metros cuadrados, ubicada en Martín Peña. Dicha estación está

equipada con los aparatos y máquinas necesarios para lavar y engrasar automóviles y con todos los instrumentos y equipos necesarios para el negocio que habitualmente se hace en esa clase de estaciones, siendo todo el equipo propiedad de Orsini. De acuerdo con el contrato, párrafo tercero, la propiedad dada en arrendamiento es 'la estación de gasolina anteriormente reseñada con los muebles que la misma contiene.' No se trata, pues del arrendamiento de un local para vivienda o para establecer en el mismo un negocio o industria perteneciente al arrendatario. Lo que se ha dado en arrendamiento es un negocio ya establecido y perteneciente al arrendador, para ser explotado por el arrendatario por el término y bajo las condiciones estipuladas en el contrato. . . . . El arrendatario Sánchez Parra no es dueño del negocio establecido en la estación de gasolina. Todo lo que allí existe y es utilizado para la explotación del negocio—con excepción de las existencias de artículos para la venta—es propiedad del arrendador Orsini. . . . . . El objeto del arrendamiento en este caso es, pues, una estación de gasolina, con las maquinarias y equipo necesarios para su funcionamiento y explotación. Lo que se ha arrendado es un negocio ya establecido y en marcha—*going concern*—que a partir de la fecha del arrendamiento seguirá siendo explotado por el arrendatario en vez de serlo por el dueño. La edificación o *'garage'* es puramente incidental al negocio allí instalado, pues posiblemente el arrendatario no hubiese arrendado dicho garage a no ser por las maquinarias y equipo allí instalados y por el negocio ya establecido por el arrendador de la estación.

"La ejecución de la sentencia de desahucio no habría de causar perjuicio alguno al arrendatario, quien no tendría ante sí el problema de encontrar un nuevo local para su negocio. No creemos que la Legislatura haya tenido la intención de hacer extensivo el remedio de la restricción del desahucio a casos como el de autos."

Es justo expresar que cuando el tribunal inferior dictó su sentencia en 3. de julio de 1947 en el recurso de epígrafe, aún no se había dictado la anterior opinión en el caso de *Orsini* v. *Sánchez.*

Por otra parte, aunque por escrito archivado en 21 de febrero de 1947 el demandado complementa su "moción de consignación" depositando las costas pagadas hasta aquel momento y solicitando de la corte que fije y determine los honorarios de abogado de la parte demandante, tal cual lo

exigen el artículo 628 del Código de Enjuiciamiento Civil y el artículo 18–A de la Ley de Alquileres Razonables, nada se proveyó en cuanto a tales costas y honorarios de abogado, no obstante el hecho de haber el tribunal inferior dictado su opinión y sentencia algunos meses más tarde. El propio apelado admite en su alegato la existencia de este error.

Como las alegaciones de la demanda han sido admitidas por el demandado al solo efecto de su moción para desestimar, y al resolver ésta el tribunal a quo cometió error, *se dictará sentencia revocando la dictada por el tribunal inferior y se devolverá a éste el caso para ulteriores procedimientos.*