La Sucesión de José Ramírez Rivera, Etc., peticionarios, *v.* Corte de Distrito de Mayagüez, Hon. Ángel Fiol Negrón, Juez, demandada.

Núm. 23.—*Sometido:* Enero 9, 1950. *Resuelto:* Enero 19, 1950.

*Oscar Souffront,* abogado de los peticionarios; *Andrés Ruiz,* abogado del interventor, demandado en el pleito principal.

El, Juez Presidente Señor De Jesús emitió la opinión del tribunal.

Los aquí peticionarios radicaron demanda en la Corte Municipal de Mayagüez solicitando el desahucio de Teófilo Martell del solar con edificio dedicado a estación de gasolina que ha venido ocupando a virtud de contrato de arrendamiento de mes a mes. Alegaron como causa de acción que son dueños del referido inmueble que heredaron de su padre; que el 13 de septiembre de 1948 notificaron por escrito al demandado que el contrato quedaría terminado el 30 de aquel mes, para cuya fecha debía desocupar la estación de gasolina sin pretexto alguno; y que a pesar de esa notificación, de la cual remitieron copia a la oficina de Administración de Precios de Puerto Rico, el demandado rehusaba desocuparla.

Contestó el demandado alegando, entre otras defensas, que el contrato era prorrogable por ministerio de la ley, y en efecto venía prorrogándose al fin de cada mes.

La Corte Municipal desestimó la demanda. Igualmente la Corte de Distrito. Para revisar la sentencia se interpuso el presente recurso de *certiorari.*

La controversia ante nos gira, primordialmente, en torno a si como resolvió la corte a quo, el inmueble arrendado tiene el concepto del "local de negocio" que contempla el artículo 12 de la "Ley de Alquileres Razonables", según fué enmendado por la Ley núm. 201 de 14 de mayo de 1948 ((1) pág. 575) que dice así:

"Sea cual fuere la fecha de su edificación u ocupación y tanto en las viviendas como en los locales de negocio, aunque cambie el dueño o el titular arrendador, llegado el día del vencimiento pactado en el contrato de arrendamiento, éste se prorrogará obligatoriamente para el arrendador y potestativamente para el inquilino o arrenda-

tario, sin alteración de ninguna de sus cláusulas, todas las cuales se reputarán vigentes. La (sic) anterior es aplicable tanto a contratos escritos como a convenios orales y la prórroga se entenderá por los plazos que fija el Artículo 1471 del Código Civil, pero nunca por un período mayor que la duración de la emergencia declarada en esta Ley. Dicha prórroga es también aplicable a solares dados en arriendo y en los cuales existen edificaciones pertenecientes a dueño distinto al del solar.''

Para determinar si el transcrito precepto legal es decisivo de la cuestión en controversia, precisa examinar los hechos que ante sí tuvo la corte inferior. De las alegaciones y de la prueba resulta que el padre de los demandantes, siendo dueño del solar que se describe en la demanda, construyó en el mismo una estación de gasolina, de acuerdo con los planos y especificaciones que le suministró The Texas Co. (of P. R.); que una vez terminada la estación de gasolina, la adquirió en arrendamiento la referida Compañía, disfrutándola en ese concepto por varios años (*Exhibit* 1 del Dte.); que luego la estación fué arrendada a Mario Vélez[1] quien en febrero de 1946, cedió el arrendamiento al demandado, vendiéndole el equipo que dicho arrendatario había instalado en la estación. Desde entonces el demandado ha venido pagando el canon de arrendamiento directamente a los demandantes, entendiéndose con ellos como arrendatario.[2]

No consta de los autos si alguna vez el causante de los demandantes o éstos, al fallecimiento de aquél, explotaron el negocio de estación de gasolina. Los peticionarios en este recurso admiten que no presentaron esa prueba en la vista del caso ante la corte inferior. Alegan que no la adujeron porque, según ellos, ese hecho fué admitido en la primera de las defensas especiales interpuestas por el demandado en su contestación, la cual, en lo pertinente, dice:

[1] No aparece de los autos cuándo cesó el arrendamiento de The Texas Co. (of P. R.) ni la fecha en que empezó el de Mario Vélez.

[2] En la Transcripción de Evidencia (pág. 42) el abogado de los demandantes admite que el contrato celebrado con el demandado fué un nuevo arrendamiento.

"1. Que cuando el demandado se hizo cargo a dicha estación de gasolina por compra que de ella hiciera a don Mario Vélez en febrero del año 1946, era con el propósito *de que el demandado continuara explotando* dicho negocio por tiempo indefinido, . . .". (Bastardillas nuestras.)

Esa defensa no tiene el alcance que le dan los peticionarios. Es verdad que en el mismo se admite que cuando el demandado adquirió la estación de gasolina había allí un negocio en actividad; pero el negocio, en sí, que compró el demandado, no pertenecía a los demandantes aquí peticionarios, sino a Mario Vélez, el anterior arrendatario. En tales circunstancias, como muy bien resolvió la corte inferior, la situación de los demandantes equivale a la del que prepara un local para negocio y lo alquila a otro, quien explota el negocio. Los casos de *Ortiz* v. *Cesaní,* 68 D.P.R. 412 y *Orsini* v. *Sánchez,* 67 D.P.R. 863, invocados por los peticionarios, no son pertinentes. En ellos el demandante estuvo explotando el negocio hasta el momento en que lo cedió en arrendamiento al demandado.

■ Los peticionarios atacan la constitucionalidad de la Ley núm. 201 de 1948 por la cual, como hemos dicho, fué enmendado el artículo 12 de la "Ley de Alquileres Razonables". La impugnación estriba en que el título de dicha Ley se dice que es "Para enmendar los Artículos 6, 12, 12-A y 22 de la Ley núm. 464, titulada 'Ley de Alquileres Razonables', aprobada en 25 de abril de 1947, según ha sido subsiguientemente enmendada, . . ."; y que la sección 1 de la Ley núm. 201 en lo pertinente dice así:

"Los artículos 6, 12 y 12-A de la Ley núm. 464, titulada 'Ley de Alquileres Razonables', aprobada en 25 de abril de 1947, según ha sido subsiguientemente enmendada, quedan por la presente enmendados para que se lean como sigue:".

Arguyen los peticionarios que no existe ninguna Ley núm. 464 aprobada el 25 de abril de 1947 que tenga relación con la "Ley de Alquileres Razonables"; que la "Ley de Alquileres Razonables" a que pudiera haberse referido la núm. 201 de

1948 es la núm. 464 aprobada el 25 de abril de 1946 ((1) pág. 1327); que no apareciendo del título de la Ley núm. 201 de 1948 que la Ley núm. 464 del 25 de abril de 1946 haya de ser enmendada, y que apareciendo de la sección 1 que son los artículos 6, 12, y 12-A de la Ley núm. 464 de 25 de abril de 1947 los que se mencionan, no se introdujo enmienda alguna a la Ley núm. 464 de 25 de abril de 1946.

Admiten los peticionarios en su alegato que se trata de un error de redacción, pero alegan que como no ha sido corregido por legislación posterior, no puede invocarse enmienda alguna por virtud de la Ley núm. 201 aprobada el 14 de mayo de 1948 a la núm. 464 aprobada el 25 de abril de 1946, o sea, la "Ley de Alquileres Razonables".

Los propios peticionarios sugieren la contestación a su argumento. Se trata de un simple error al referirse a la Ley núm. 464 aprobada el 25 de abril de 1947. Sólo existe una "Ley de Alquileres Razonables" y ésa es la núm. 464 de 25 de abril de 1946. De modo que nadie puede ser inducido a error por la equivocación al referirse a una supuesta Ley núm. 464 de 25 de abril de 1947([3]) que ninguna relación tiene con la "Ley de Alquileres Razonables". Ese error clerical en la redacción del título no invalida la ley enmendatoria.

*Procede, por lo expuesto, anular el auto expedido y devolver los autos originales a la corte de su procedencia.*

---

([3])La Ley núm. 464 de 1947 fué aprobada el 14 de mayo de dicho año y su título en parte, es como sigue: "Para enmendar los artículos 5, 6 y 29 de la Ley número 213 aprobada el 12 de mayo de 1942; para disponer el nombramiento de los miembros de la Junta de Planificación, Urbanización y Zonificación creada por dicha ley; para disponer el nombramiento del Director del Presupuesto; . . . . . .".